[No. 34968.   Department One.   April 14, 1960.]

*In the Matter of the Estate of* LOUIS D. BRACKEN, *Deceased.*[1]

*The Attorney General* and *Henry W. Wager, Assistant,* for appellant.

*Rummens, Griffin, Short & Cressman* and *R. M. Oswald,* for respondent.

HUNTER, J.—This is an appeal from an order of the Superior Court for King county sustaining objections to the

[1]Reported in 351 P. (2d) 151.

findings of the supervisor of the inheritance tax division of the state tax commission.

On October 21, 1954, Louis D. Bracken died testate at the age of sixty-two. At the time of his death he was insured under three life insurance policies which named his wife as beneficiary. Policy number 919178, executed when the decedent was thirty-seven, had a face value of $15,000 and a cash surrender value at the time of decedent's death of $17,630.70. Policy number 936082, executed when decedent was thirty-eight, had a face value of $10,000, and a cash surrender value at his death of $11,720.50. The third policy, number 1354962, executed when decedent was forty-seven, had a face value of $1,367.00, and a cash surrender value at his death of $1,572.54.

On February 24, 1958, the supervisor of the inheritance tax division of the state tax commission filed findings including the proceeds of the three life insurance policies in decedent's taxable estate and fixing the amount of inheritance tax due.

On March 5, 1958, the executor filed his objections to the finding of the supervisor contending that the proceeds of the policies were exempt under RCW 83.16.080 and were less than forty thousand dollars, the total exemption permitted thereunder. The matter came on for hearing in the Superior Court for King county. At the conclusion of the hearing the court sustained the executor's objections, holding that the proceeds were insurance receivable and therefore exempt under RCW 83.16.080. The state appeals.

The appellant contends that the cash surrender value of an insurance policy is an asset of the insured, the payment of which is not contingent upon the insured's death, and therefore does not constitute insurance. The appellant argues that, since the cash surrender value of the policies in question exceeded the face value, no part of the proceeds was "insurance receivable," as contemplated by the exemption proviso of RCW 83.16.080:

"*Insurance payable upon the death of any person* shall be deemed a part of the estate for the purpose of computing the inheritance tax and shall be taxable to the person en-

titled thereto. Such insurance shall be taxable irrespective of the fact that the premiums of the policy have been paid by some person, other than the insured, or paid out of the income accruing from principal provided by the assured for such payment, whether such principal was donated in trust or otherwise: *Provided*, That there is exempt from *the total amount of insurance receivable* by all beneficiaries other than the executor, administrator or representative of the estate, regardless of the number of policies, the sum of forty thousand dollars and no more: . . . " (Italics ours.)

In essence, the appellant is arguing that the phrase "total amount of insurance receivable" does not mean the total proceeds receivable under a contract of insurance, but only the difference between the cash surrender value and the total amount of the proceeds payable to the beneficiary.

▇▇▇ We disagree. In defining statutory language the court must determine the meaning intended by the legislature. This is accomplished by reading the statute in its entirety, and, where possible, by looking to other portions of the act to determine the meaning of doubtful or ambiguous expressions. *Guinness v. State*, 40 Wn. (2d) 677, 246 P. (2d) 433 (1952); *Arden Farms Co. v. Seattle*, 2 Wn. (2d) 640, 99 P. (2d) 415 (1940). We believe the following language of the second paragraph of the statute precludes any doubt as to the meaning of the term "total amount of insurance receivable":

"Where more than one beneficiary is entitled to the benefit of the provision of this section *exempting forty thousand dollars of the proceeds of insurance policies payable upon death*, the benefit of such exemption shall be apportioned among such beneficiaries ratably and proportionately: . . . " (Italics ours.)

From this language it is apparent the legislature intended that the exemption be applied to the total proceeds of an insurance policy without distinction as to the character of such proceeds, and without any preliminary segregation of any part thereof.

We find nothing in the statute, expressed or implied, which might reasonably be construed as directing that the proceeds be segregated prior to the application of the ex-

emption as appellant's contention would require. Such an interpretation reads into the statute language which is not there.

We are satisfied the legislature intended the exemption to apply to all the proceeds of a contract of insurance. Therefore, we conclude the trial court correctly applied the insurance proviso of RCW 83.16.080, and properly sustained the executor's objections to the findings of the inheritance tax supervisor.

The judgment of the trial court is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and FOSTER, JJ., concur.