Bores *v.* Rice, Registrar of Motor Vehicles, et al.

[Cite as Bores v. Rice, Registrar, 17 Ohio Misc. 163.]

(No. 6628-7-145—Decided January 10, 1969.)

Huron County Court, District II.

White, Jr., J. This case was brought before the court by a petition filed by Harold James Bores as plaintiff against Fred Rice, Registrar of Motor Vehicles as defendant. The action was to compel the Registrar of Motor Ve-

hicles to return the driver's license of Harold Bores, which had been suspended for refusing to submit to a sobriety test under Sections 4511.19 and 4511.191, Revised Code.

The evidence showed that Harold Bores was not advised that he could have a physician or other qualified person of his own choosing administer a chemical test as required by Section 4511.19, Revised Code. The evidence further showed that Mr. Bores refused to take the police sobriety test *only* after being denied the right to have his own physician administer a clinical test.

The court finds that Mr. Bores' right to be advised of and to have his own physican administer a sobriety test is mandatory within the meaning of Section 4511.19, Revised Code. The court further finds that this question can be raised at this hearing although not one of the grounds listed in Section 4511.191, Revised Code. The only manner in which the court can enforce police compliance of a defendant's rights under Section 4511.19, Revised Code, is to order restoration of his license when there is noncompliance. To hold otherwise would, in effect, deny a defendant remedy for a violation of his rights.