COUCH, APPELLANT, *v.* RICE, REGISTRAR, APPELLEE.

(No. 3505—Decided April 14, 1970.)

*Mr. James P. Jones,* for appellant.
*Mr. Larry Smith,* for appellee.

CRAWFORD, J. Plaintiff, appellant herein, filed his petition in the Municipal Court of Miamisburg pursuant to Section 4511.191(F), Revised Code, to avoid the suspen-

sion, by the Registrar of Motor Vehicles, of his license to drive, for refusing to take a chemical test for alcohol.

The petition alleges that the arresting officer failed properly to advise him pursuant to statute regarding the test. His particular complaint is that he was not advised, as provided in Section 4511.19, of his right to have a physician, technician, chemist, registered nurse, or other qualified person of his own choosing administer an additional chemical test or tests.

In the judgment appealed from the court found: that the plaintiff was not advised of this right; but that he had failed, as required in Division (G) of Section 4511.191, Revised Code, to show error in one or more of the matters set forth in Division (F) of that statute. The court ordered his license suspended.

The prosecuting attorney concedes that the result of a test, conducted without the accused person being advised of his right to an additional test as provided in Section 4511.19, would be suppressible upon his prosecution for driving while intoxicated, but he contends that this requirement is not applicable in the matter of the registrar's revocation of the accused's license.

This distinction is, in our opinion, untenable. If the result of the test is not to be used, why give it? Sections 4511.19 and 4511.191, Revised Code, are *in pari materia*. The right to be advised, as provided by Section 4511.19, is stated in absolute terms and is not to be taken away by Section 4511.191.

The commendable purpose of all this legislation is the prosecution and punishment of drunken drivers. We have heretofore observed that the only proper use of the chemical test is to discover and prove the truth of a driver's suspected intoxication or his sobriety; and that the test is not the end and object of the statute. *Groff* v. *Rice* (1969), 20 Ohio App. 2d 309.

The revocation of a license by the registrar is the imposition of a penalty, without the requirement of a conviction in court. The double standard contended for by the registrar would give him wider power than the courts.

It is not our purpose to declare these statutory provisions unconstitutional. But in order for us to avoid holding them invalid, it is necessary to reconcile them with each other and to give effect to all. If the person under arrest is to be held to have refused to submit to the test mentioned in Section 4511.191(F), he must have refused knowingly and intelligently, after being advised of his right to have a physician, etc., of his own choosing administer an additional test or tests as provided in Section 4511.19.

In a case similar to this, *Bores* v. *Rice, Registrar* (1969), 17 Ohio Misc. 163, at page 164, the court said:

"The court finds that Mr. Bores' right to be advised of and to have his own physician administer a sobriety test is mandatory withn the meaning of Secton 4511.19, Revised Code. The court further finds that this question can be raised at this hearing although not one of the grounds listed in Section 4511.191, Revised Code. The only manner in which the court can enforce police compliance of a defendant's rights under Section 4511.19, Revised Code, is to order restoration of his license when there is noncompliance. To hold otherwise would, in effect, deny a defendant remedy for a violation of his rights."

The judgment will be reversed, and the cause remanded to the Municipal Court with instructions to enter judgment for the plaintiff.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.