[No. 41653. En Banc. August 12, 1971.]

CHARLES B. CONNOLLY, *Respondent*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant*.

*Slade Gorton, Attorney General,* and *William M. Gingery, Assistant,* for appellant.

*Barrett White,* for respondent.

HUNTER, J.—This is an appeal by the Department of Motor Vehicles of the State of Washington from a judgment of the Superior Court for Thurston County, reversing the department's decision to revoke the motor vehicle driver's license of the defendant, Charles B. Connolly, for 6 months under the "Implied Consent" statute, RCW 46.20.308, by reason of his failure to submit to a chemical test of his breath following his arrest for operating a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor.

The sole issue in this case revolves around the failure of the arresting officers to advise the defendant that, in addition to the "chemical tests" of his breath administered at the direction of a law enforcement officer, he has a right to tests administered by any qualified person of his own choosing as provided in RCW 46.61.506.

The pertinent part of the implied consent statute, as related to this appeal, is as follows:

(1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. *Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506.* The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test. Unless the person to be tested is unconscious the chemical test administered shall be of his breath only.

(Italics ours.) RCW 46.20.308 (1).

It is the contention of the department that this additional warning by the arresting officers is not a condition precedent to revocation; that to hold otherwise would be adding another element, which is not presently in the statute, essential as grounds for revocation of a defendant's driver's license by reason of his failure to take the test, and that the material elements essential for a revocation are as follows:

(1) Arrest of the person by an officer having reasonable grounds to believe he has been driving, or in physical control, of a vehicle on a public highway while under the influence of intoxicating liquor;

(2) Refusal of the person, on request of an officer, to submit to the test;

(3) Having been warned that refusal will result in the revocation or denial of his privilege to drive.

They also contend that these are the only elements, in the arresting officers' report to the department, essential to a revocation of a defendant's driver's license under the statute, RCW 46.20.308(3), and that again these are the only elements mentioned under the statute within the scope of the administrative hearing when requested by the defendant. RCW 46.20.308(4).

We disagree with this rationale of the department. The language of the statute, as contended by the defendant, is clear and unambiguous, and in mandatory language in the conjunctive:

Such officer *shall* inform the person of his right to refuse the test, *and* of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506.

(Italics ours.) RCW 46.20.308(1). This language must be considered in context with the remainder of the statute, and with the statute in its entirety. *In re Estate of Bracken,* 56 Wn.2d 17, 351 P.2d 151 (1960); *DeGrief v. Seattle,* 50 Wn.2d 1, 297 P.2d 940 (1956).

To consider this additional warning in isolation, unrelated to the remainder of the statute, would render the language meaningless and superfluous. The fundamental

rule of statutory construction requires that language within a statute must be construed to have a meaning and purpose, and that it not be rendered superfluous. *Kasper v. Edmonds,* 69 Wn.2d 799, 420 P.2d 346 (1966). *Groves v. Meyers,* 35 Wn.2d 403, 213 P.2d 483 (1950).

The department argues, however, that the purpose of the warning seems clear, that its use be limited to a criminal action. It states the following in its brief:

> The purpose seems clear. If a person *takes* the test, and an attempt is made to introduce the results in a *criminal* action, the issue of the testing officer's competency in giving it and veracity in reporting it immediately arises. Thus, for his own protection, a person "tested" "may" seek additional tests. If a person is not "tested", this protection is unnecessary since he need not fear the introduction of any test result in a criminal case. The matter then becomes one merely of the *civil administrative* consequences of refusal.

The department, by this argument, admits a test taken without giving the additional warning as to the right of the defendant to take additional tests, would render the test inadmissible in a criminal action. It would be incongruous to say the people, in passing this legislation, intended that a person's license be revoked for 6 months for the failure to take a test which, if taken, could not be used as evidence against him in a criminal action to prove his intoxication while driving a motor vehicle on a public highway. A like conclusion was reached in a recent Ohio case. There, under a similar statute, the prosecuting attorney conceded that the result of a chemical test conducted without the accused person being advised of his right to an additional test, as provided for by statute, would be suppressible upon his prosecution for driving while intoxicated, but contended that the warning was not required for the revocation of the driver's license of the accused. In *Couch v. Rice,* 23 Ohio App. 2d 160, 161, 261 N.E.2d 187 (1970), it was said:

> *This distinction is, in our opinion, untenable. If the result of the test is not to be used, why give it?* Sections 4511.19 and 4511.191, Revised Code, are *in pari materia.*

*The right to be advised, as provided by Section 4511.19, is stated in absolute terms and is not to be taken away by Section 4511.191.*

It is not our purpose to declare these statutory provisions unconstitutional. But in order for us to avoid holding them invalid, it is necessary to reconcile them with each other and to give effect to all. If the person under arrest is to be held to have refused to submit to the test mentioned in Section 4511.191(F), he must have refused knowingly and intelligently, after being advised of his right to have a physician, etc., of his own choosing administer an additional test or tests as provided in Section 4511.19.

(Italics ours.)

The trial court was correct in holding that the failure to inform the defendant of his right to have additional tests administered pursuant to the statute invalidates the department's revocation of the defendant's driver's license for failure to submit to a chemical test of his breath or blood as provided in RCW 46.20.308.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, NEILL, STAFFORD, SHARP, and WRIGHT, JJ., concur.