637 P.2d 751

**The STATE of Arizona, Appellee,**

v.

**Thomas PEYATT, Appellant.**

**No. 2 CA–CR 2257.**

Court of Appeals of Arizona,
Division 2.

Sept. 18, 1981.

Rehearing Denied Nov. 6, 1981.

Review Denied Dec. 1, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Diane M. Ramsey and Barbara Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

## OPINION ON REHEARING

HOWARD, Judge.

Although not raised by appellant in his motion for rehearing, we believe that we were incorrect in our analysis in the case of *Baca v. Smith*, 124 Ariz. 353, 604 P.2d 617 (1979). The following decision is substituted for our decision filed June 25, 1981.

Appellant was convicted by a jury of driving while intoxicated on a suspended license and sentenced to three years on probation on condition that he serve 60 days in the Pima County Jail. He contends he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. He also contends the trial court erred in refusing his jury Instruction No. 10.

On the day of the trial appellant's counsel moved to suppress the introduction into evidence of the results of a breathalyzer on the grounds that he was not advised that a second sample of his breath would be preserved if he so requested. See *Baca v. Smith*, supra. The prosecution opposed the motion on the ground that it was untimely under Rule 16.1(b) and (c), Arizona Rules of Criminal Procedure, 17 A.R.S. The trial court denied the motion but in so doing hinted that a timely motion would have been granted. At the motion for new trial, the court explicitly stated that the motion would have been granted had it been timely.

■ Appellant contends that since the trial court would have granted a timely motion to suppress, the failure of his counsel to do so denied him of his right to effective counsel and reduced the trial to a farce and sham. See *State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979). The state argues that the trial court was correct in his ruling not only because of the untimeliness of the motion but also because of the fact that *Baca v. Smith*, supra, which involves the use of an intoximeter, does not apply to a breathalyzer test. We do not agree with the distinction which the state tries to make. In both cases the sample of the defendant's breath is completely destroyed in the testing. *Baca* clearly stands for the proposition that in such instances the suspect must be advised that a second sample of his breath will be taken and preserved for his use and that the failure to do so will result in the suppression of the results of the breath test.

■■ The first issue for our resolution is whether the failure of appellant's counsel to file a timely motion to suppress constituted ineffective assistance of counsel. There are times when the failure to move to suppress evidence can result in the trial being a sham or farce. *State v. Pacheco*, 121 Ariz. 88, 588 P.2d 830 (1978); *State v. Phillips*, 16 Ariz.App. 174, 492 P.2d 423 (1972). The record must establish that counsel was ignorant of the facts or the law, resulting in withdrawal of a crucial defense, reducing the trial to a farce or sham. *State v. Lopez*, 3 Ariz.App. 200, 412 P.2d 882 (1966). The mere failure to file a motion to suppress, without showing that defense counsel was ignorant of the law or the facts, does not establish ineffectiveness of counsel. See *People v. Martinez*, 14 Cal.3d 533, 121 Cal. Rptr. 611, 535 P.2d 739 (1975). The record here does not disclose that defense counsel was ignorant of either the law or the facts. Furthermore, assuming that the motion to suppress the breathalyzer reading would have been granted, appellant has not demonstrated that any different result would probably have ensued. See *State v. Austin*, 124 Ariz. 231, 603 P.2d 502 (1979). The testimony of the arresting officer as to appellant's driving, physical condition and the results of the field test given at the scene were more than enough to warrant conviction.

The record demonstrates a vigorous and thorough defense, clouded only by the untimely motion. We conclude that the proceedings were not reduced to a sham or farce and that there was no ineffectiveness of counsel.

 Appellant also contends that the trial court erred in failing to give his Instruction No. 10 which is as follows:

"You jurors are instructed that a test made by a machine known as a breathalyzer and the results therein may be introduced into evidence for your consideration and a presumption of intoxication by Arizona Statute does arise should the test show a reading above .10 per cent. In this respect you are instructed that before you consider the results of the test you must find:

1. That following the arrest of the defendant a period of 15 minutes must elapse prior to administering the test and the defendant's mouth must be free of food or any other material.

2. That the operator who gave the test must be qualified to administer the test.

3. That the machine and its components in this particular case must be in proper condition.

4. That the test in this particular case must be properly administered.

You jurors are instructed that if any of the four related procedures were omitted in administering the test that you must disregard said test completely and not use said breathalyzer test in reaching your verdict."

The court did not err in failing to give this instruction. The contents of the instruction are matters for argument by defense counsel to the jury and not for instructions on the law to a jury.

Affirmed.

HATHAWAY, C. J., and J. RICHARD HANNAH, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having recused himself in this matter, Judge J. RICHARD HANNAH was called to sit in his stead and participate in the determination of this decision.