635 P.2d 878

The STATE of Arizona, Petitioner/Appellant,

v.

The CITY COURT OF the CITY OF TUC-SON and The Honorable Thomas Welch, Chief Magistrate thereof, and William A. Monje, Carl Nink, Barbara Bazurto, Paul Farrar, Marjorie Ketterling, William Brown, Jill Scott, Real Parties in Interest, Respondents/Appellees.

The STATE of Arizona, Petitioner/Appellant/Cross Appellee,

v.

William BROWN, Real Party in Interest, Respondent/Appellee/Cross Appellant.

No. 2 CA–CIV 3898.

Court of Appeals of Arizona, Division 2.

Oct. 14, 1981.

---

Frederick S. Dean, Tucson City Atty. by John J. Brady, Michael L. Lex and John A. Harper, Tucson, for petitioner/appellant.

Quigley & Quigley, P. C., by James E. Quigley, Tucson, for respondents real parties in interest.

## OPINION

HOWARD, Judge.

The main issue in this appeal is whether *Baca v. Smith*, 124 Ariz. 353, 604 P.2d 617 (1979), applies when the breathalyzer is used to determine blood alcohol percentages. We hold that it does and affirm.

The real parties in interest, charged in the city court of driving while intoxicated, moved to suppress the results of the breathalyzer test and dismiss the prosecution on the ground that the arresting officers did not advise them of their right to have a sample of their breath reserved for their subsequent independent testing as required by *Baca v. Smith*, supra. Therefore, no such sample was requested or preserved.

The city court granted the motions to suppress and denied the motions to dismiss. However, the suppression of the results in the cases involving real parties in interest, Monje, Nink and Bazurto was based on grounds other than a *Baca* violation, and the state has not contested these suppressions on appeal.

The state subsequently filed a special action in the superior court. Except as to the real party in interest, William Brown, the court agreed with the disposition made by the city magistrate and denied special action relief. Hence this appeal.

The state contends that *Baca v. Smith*, supra, does not apply since the *Baca* case involved an intoximeter test, whereas the cases sub judice involve a breathalyzer test. We do not agree. The record shows that when a breathalyzer test is given, the suspect's breath is consumed in the analysis. The issue was stated in *Baca* as follows:

"The question presented now for determination is whether, when a sample of a suspect's breath is consumed in the analysis, another sample must be taken and preserved for the private use of the suspect."

Since *Baca* answered the issue in the affirmative, it is clear that *Baca* applies. See *State v. Peyatt*, 130 Ariz. 541, 637 P.2d 751. The state argues that the city magistrate's ruling should not be applied retroactively. This argument is totally devoid of merit. *Baca* was decided before the city magistrate's decision.

▮ In the cross-appeal, all the real parties in interest contend the superior court erred in not dismissing the prosecutions because a sample of their breath was not preserved thus violating the due process rights as enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We do not agree. Suppression of the results of the breath test was an adequate remedy. See, *Scales v. City Court of City of Mesa*, 122 Ariz. 231, 594 P.2d 97 (1979). The breathalyzer was administered to Brown prior to the *Baca* decision, but his case was pending when *Baca* was decided. He contends *Baca* applies to him. We do not agree.

In *Baca* the court held:

"Finally, we hold that our ruling today is prospective only from the date of our mandate herein. Since petitioner did not request that a sample of his breath be taken and preserved for his future use, we will not disturb the ruling of the City Court denying the motion to suppress." 124 Ariz. at 357, 604 P.2d 617.

*Baca* does not apply to breath tests administered prior to the date of its mandate.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.