695 P.2d 288

**Cecil Dale WHITE, Plaintiff-Appellant,**

v.

**The STATE of Arizona and Philip Thorneycroft, Assistant Director of the Arizona Department of Transportation for the Motor Vehicle Division, Real Party in Interest, Defendants-Appellees.**

**Jo Ann Kathryn MORTON,
Plaintiff-Appellee,**

v.

**The STATE of Arizona and Philip Thorneycroft, Assistant Director of the Arizona Department of Transportation for the Motor Vehicle Division, Real Party in Interest, Defendants-Appellants.**

**Nos. 1 CA–CIV 6756, 1 CA–CIV 6840.**

Court of Appeals of Arizona,
Division One, Department C.

Jan. 22, 1985.

**40**

Wilkinson & Quarelli by O.J. Wilkinson, Jr., Phoenix, for plaintiff-appellant and plaintiff-appellee.

Robert K. Corbin, Atty. Gen., by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for defendants-appellees and defendants-appellants.

## OPINION

JACOBSON, Chief Judge.

In both of these cases, individuals were arrested for driving under the influence of intoxicating liquor and were advised that failure to submit to an intoxication test would result in the suspension of their respective licenses under the implied consent statute, A.R.S. § 28–691(B). Both refused to submit to the test. However, neither was advised that he or she had a right to have a second sample of the test taken and preserved in accordance with the Supreme Court's decision in *Baca v. Smith*, 124 Ariz. 353, 604 P.2d 617 (1979).

The question presented in these consolidated appeals is whether the failure to advise of the *Baca* rights precludes a subsequent suspension of their drivers' licenses under the implied consent statute.

Both appeals arise out of a judicial review of decisions by the Assistant Director of Motor Vehicles, ordering suspension of the licenses involved. However, different divisions of the Maricopa County Superior Court reached different legal conclusions on the issue presented. In *White v. State*, 1 CA–CIV 6756, the trial court affirmed the suspension. In *Morton v. State*, 1 CA–CIV 6840, the trial court reversed the order of suspension and reinstated the driving privileges. Because of these conflicting rulings, the parties sought, and this court granted, consolidation of these appeals to resolve the conflict.

Both of the license suspensions before the Superintendent were authorized under A.R.S. § 28–691, which provides that "any person who operates a motor vehicle within this state gives consent ... to a test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood ..." A.R.S. § 28–691(A).

The penalty for refusing to submit to the requested test is suspension of driving privileges upon a finding that:

▪ a law enforcement officer had reasonable grounds to believe the person had been driving ... a motor vehicle within this state while under the influence of intoxicating liquor ... [2] the person was placed under arrest, and [3] he refused to submit to the test.... A.R.S. § 28–691(E)

The statute also provides that the suspected offender must be requested to take the test and "be informed that his license or permit to drive will be suspended or denied if he refuses to submit to the test." A.R.S. § 28–691(B)

No other statutory requirements are necessary to authorize the suspension and there is no contention in either of these cases that these statutory prerequisites were not met. Rather, the contention is made that in addition to the statutory requirements for suspension the arresting officer must also advise the suspected offender of the right to have a second test performed and the sample preserved in accordance with *Baca v. Smith, supra.* We disagree.

*Baca* arose out of a criminal prosecution for driving under the influence in violation of A.R.S. § 28–692(A). At issue was whether a criminal defendant had a due process right to obtain a sample of his breath (upon which his guilt or innocence would be determined) for independent testing to prove his innocence. The court found such a due process right and held:

> [T]he right to test incriminating evidence where the evidence is completely destroyed by testing becomes all the more important because the defense has little or no recourse to alternative scientific means of contesting the test results, and, therefore, when requested, the police must take and preserve a separate sample for the suspect by means of a field collection unit.

124 Ariz. at 356, 604 P.2d 617.

The court then embarked upon an analysis of whether a second sample must be taken and preserved in every DWI case. The court concluded this was not necessary and that where no request to take a second sample was made, a waiver of taking and preservation occurred. However, to allow an intelligent exercise of that waiver "the

suspect *shall be told* that the intoximeter sample will be preserved for seven days for delivery to him or his agent and thereafter it will be destroyed...." (Emphasis added). 124 Ariz. at 357, 604 P.2d 617.

As can be seen, the *Baca* advice deals not with whether a suspect can make an informed decision to take or refuse a test, but rather with whether an intelligent waiver of the right to preserve evidence germane to a criminal prosecution occurred.

█ Moreover, the due process right recognized in *Baca* rises out of a criminal proceeding. A suspension occurring under A.R.S. § 28–691 is civil in nature, not criminal. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971).

However, the trial court in *Morton v. State* concluded that *Baca* advice was necessary in a suspension proceeding as a "natural extension" of that case, relying on *Connolly v. State*, 79 Wash.2d 500, 487 P.2d 1050 (1971) and *Couch v. Rice*, 23 Ohio App.2d 160, 261 N.E.2d 187 (1970). We believe that such reliance is misplaced.

The decision in *Connolly, supra*, was based on the following Washington statute: R.C.W.A. 46–20–308 (Implied Consent) The officer shall inform the person of his or her right to refuse the test, *and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in R.C.W. § 46–61.506.* The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test.... (emphasis added)

The *Connolly* court found the statute clear and unambiguous, therefore such an advisement was required. *Connolly, supra*, 487 P.2d at 1051. However, A.R.S. § 28–691 contains no such statutory mandate.[1] Also, in view of subsequent Ohio Supreme Court decisions, we doubt that

---

1. We are not unmindful of other jurisdictions which have held that under their implied consent status, a driver must be advised of the right to independent testing. *Perano v. State*, 250 Ga. 704, 300 S.E.2d 668 (1983); *State, Dept. of Public*

*Safety v. Wiehle*, 287 N.W.2d 416 (Minn.1979). However, their implied consent statutes, as the State of Washington, have language in the statutes mandating that the advice be given.

*Couch v. Rice, supra,* relied upon by the trial court, is still the law in Ohio. *See, State v. Myers,* 26 Ohio St.2d 190, 271 N.E.2d 245 (1971); *State v. Mohr,* 26 Ohio St.2d 204, 271 N.E.2d 254 (1971).

The argument is advanced that if the *Baca* advice were given, drunk driving suspects would be better informed so that they could intelligently exercise their right of refusal. First, we are not convinced that this information over and above the clear options provided by the statute—either take the test or suffer the consequences of suspension—contributes to an informed choice. Second, and most importantly, the legislature has determined what it perceives to be the prerequisite for controlling the utilization of this state's highways by persons allegedly driving under the influence of intoxicating liquor. The judiciary should not, on a subject over which reasonable persons may differ, add to a statute that which the legislature

deemed unnecessary.[2] *See Padilla v. Industrial Commission,* 113 Ariz. 104, 546 P.2d 1135 (1976). We therefore hold that failure to give the advice required by *Baca* does not prohibit the suspension of driving privileges under A.R.S. § 28–691.

For the foregoing reasons, the judgment in 1 CA–CIV 6756, is affirmed and the stay previously entered is quashed. The judgment in 1 CA–CIV 6840 is reversed and the matter is remanded with instructions to reinstate the decision of the Assistant Director.

EUBANK, P.J., and OGG, JJ., concur.

---

**2.** We note, in a similar vein, this court has recently rejected, in a suspension setting, the requirement that upon a refusal to take a test, the state is required to prove the validity of that test. *Holloway v. Martin,* 143 Ariz. 317, 693 P.2d 966 (1984).