744 P.2d 671

**Ronald James KUNZLER, Plaintiff/Appellee,**

v.

**Charles MILLER, Director of Arizona Department of Transportation, and its Motor Vehicle Division, Defendants/Appellants.**

**No. CV 87-0198-PR.**

Supreme Court of Arizona, In Banc.

Sept. 24, 1987.

Stephen Paul Barnard, P.C. by Stephen Paul Barnard, Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Barry A. McNaughton, Asst. Atty. Gen., Phoenix, for defendants/appellants.

CAMERON, Justice.

This is a petition for review of a memorandum decision of the court of appeals which set aside a decision of the Superior Court of Pima County reinstating petitioner's, Ronald James Kunzler, driver's privileges. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and 17A Ariz.R. Civ.App.P., Rule 23.

We need answer only one question on appeal: was the accused improperly denied his right to an attorney while waiting for the breathalizer machine to 'warm up'?

The facts necessary for determination of this matter are set forth in the companion case of *Kunzler v. Pima County Superior Court*, 154 Ariz. 568, 744 P.2d 669 (1987). In that case, we were concerned with Kunzler's criminal conviction which followed his arrest for DWI. In this case, we are concerned with the civil revocation of defendant's license as a result of the same conduct.

Kunzler challenged the administrative order revoking his license in Pima County Superior Court. The court stated:

> After careful consideration and review of the transcript of the proceeding before the Department of Motor Vehicles, the Court finds factually that this was a very unusual case because of the extraordinarily long period of time that it took the breathalizer machine in question to 'warm up' and become operable.

> \*   \*   \*   \*   \*   \*

> THE COURT FINDS that plaintiff should have been allowed to telephone his attorney since there was more than ample time for this without in any way hindering the investigation or the results of the breathalizer test.

The court then set aside the order of suspension.

The Department of Transportation and its director, Charles Miller, appealed. The court of appeals reversed with instructions to affirm the order suspending petitioner's driver's license.

We have reemphasized this day in the companion criminal case, *Kunzler v. Pima County Superior Court*, that a person always has a right to consult an attorney in a criminal DWI case as long as this request does not interfere with an ongoing investigation. In other words, a person may request and receive the assistance of an attorney when it will not interfere with the police investigation. That rule does not apply in civil cases considering the revocation of a person's driver's license. In those civil cases, we have stated:

> It is the opinion of this court that respondent was not entitled to the assistance of counsel in deciding whether or not to submit to the breathalyzer test. See *State v. Petkus*, [110 N.H. 394], 269 A.2d 123 (S.Ct.N.H.1970); *State v. Kenderski*, 99 N.J.Super. 224, 239 A.2d 249 (1968).

*Campbell v. Superior Court*, 106 Ariz. 542, 550, 479 P.2d 685, 693 (1971).

The memorandum decision of the court of appeals is affirmed. The decision of the superior court is reversed and the order of

the Arizona Department of Transportation suspending Kunzler's drivers license for twelve months is reinstated.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.