755 P.2d 1172

**The STATE of Arizona, Appellant,**

v.

**George E. HARRISON, Appellee.**

**STATE of Arizona, Appellant,**

v.

**Halbert Franciss LAIWAKETE, Appellee.**

**No. 2 CA–CR 87–0495.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 26, 1988.

Review Denied July 6, 1988.*

* Feldman, V.C.J., of the Supreme Court, voted to grant review.

John Verkamp, Coconino Co. Atty. by Tim McNeel and Michael A. Breeze, Flagstaff, for appellant.

Aspey, Watkins & Diesel by Mark R. Moran, Flagstaff, for appellees.

**OPINION**

FERNANDEZ, Judge.

This case involves the question of the reliability of the second sample provided to

the defendants in two DUI cases which were consolidated for purposes of an evidentiary hearing.

Appellees George Harrison and Halbert F. Laiwakete were each charged with two counts of driving under the influence while their operator's licenses were suspended, cancelled, revoked or refused, both class 5 felonies. The first count, filed pursuant to A.R.S. § 28–692(A), was for driving under the influence, and the second, filed pursuant to A.R.S. § 28–692(B), was for driving with a 0.10 percent or more by weight blood alcohol level.

Appellees filed pretrial motions to suppress the breath test results as well as to dismiss the charges on the ground that the state failed to comply with Department of Health Services (DHS) Regulation R9–14–415(A)(3) (renumbered as R9–14–405, effective March 3, 1987), which requires quarterly testing of the SM–8 second-sample collection devices. It is undisputed that the required testing was not performed.

On July 28, 1986, appellee Harrison was given a breath test on the Alco–Analyzer instrument which produced a blood alcohol reading of 0.264 percent. He requested a second test and gave a sample into a second-sample collection device known as the SM–8. This second sample was later tested by criminalist Lucien Haag and found to have a blood alcohol content of 0.21 percent. On April 3, 1986, appellee Laiwakete was arrested, and he took an Alco–Analyzer breath test which resulted in a blood alcohol reading of 0.155 percent. He also requested a second breath sample which was furnished by an SM–8 collection device. This second sample was found by Haag to have a 0.10 percent blood alcohol content.

After a lengthy evidentiary hearing, the court made the following findings of fact and conclusions of law:

FINDINGS OF FACT:

1. The SM–8 second sample offered to the Defendants following the original breath sample taken by the prosecuting authorities is inherently "unreliable" and should not be used as a referee sample.

2. The SM–8 second sample devices were not tested as required by Regulation R9–14–415, subsection 3 and A.R.S. § 28–692.03(A), although the shelf life is indefinite if properly stored.

3. The State of Arizona lacks adequate facilities to provide the required testing.

4. Defendants who depend upon the reliability of the second sample for exculpatory purposes and who forego further testing in reliance upon a credible and dependable sample have been prejudiced.

5. That the unreliability of the second sample promotes litigation and puts undue hardship on the State and the defense in attempting to arrive at a fair resolution of each case.

6. That the Defendants Harrison and Laiwakete requested and were provided second samples (SM–8) and were entitled to rely upon their second samples as being reliable and error free.

CONCLUSIONS:

1. The legislature has provided harsh penalties for the convictions of the crime of Driving Under the Influence.

2. The Courts have safeguarded the individuals['] rights to defend themselves and to provide themselves with exculpatory evidence due to the harsh penalties which shall mandatorily be imposed for the crime of Driving While Under the Influence of Intoxicating Beverages.

3. Law enforcement agencies do their best to comply with the mandates of the legislature and the due process requirements of the Courts to protect the public and the citizen.

4. That the "inherent" error of the SM–8 works to [the] disadvantage of everyone involved.

IT IS, THEREFORE, ORDERED dismissing the charges against Defendants George Harrison and Halbert F. Laiwakete with prejudice.

The state on appeal has presented the following issues: 1) Does the state have a duty to provide a "referee" sample to de-

fendants who request a second sample? 2) Does the state's failure to comply with the Department of Health Services regulation on second-sample devices render the samples unreliable? 3) What is the proper remedy for the failure to comply with the regulation?

### RELIABILITY OF THE SECOND SAMPLE

■ In *Baca v. Smith*, 124 Ariz. 353, 604 P.2d 617 (1979), the Arizona Supreme Court held that a defendant who is given a breath test by the state must be provided with a second sample of his breath if he requests one. The state concedes that in order to comply with *Baca*, the second sample cannot be totally devoid of reliability. The state argues, however, that the trial court in effect required the second sample to be more reliable than the state's breath test, a requirement it contends was not intended by *Baca*. We disagree. In order for a defendant to meaningfully impeach the state's test, he must be able to rely on the test results obtained on the second sample. In fact, the admissibility of the second sample results may depend entirely upon the issue of whether or not the state has complied with the Department of Health Services regulation. *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984).

The appellees' expert witness, Lucien Haag, testified that absent the quarterly testing required by the Department of Health Services, it would be impossible to be confident of the test results obtained from the second-sample devices.

We hold that, since one of the purposes of requiring that a second sample be provided is to impeach the state's test, defendants must be able to rely on the test results obtained from those samples. Therefore, the state must provide a reasonably reliable second sample. The evidence shows that was not done in this case.

### COMPLIANCE WITH HEALTH DEPARTMENT REGULATIONS

■ The state next contends that DHS Regulation R9-14-415(A)(3) is a non-mandatory regulation. It contends, alternative-

ly, that if it is mandatory, its application in this case is excused because of a lack of resources.

In *Fuenning v. Superior Court in and for Maricopa County*, 139 Ariz. 590, 680 P.2d 121 (1983), the supreme court reasoned that the failure of the state to have uniform regulations followed by all agencies throughout the state could result in different standards being applied to defendants depending upon where they were arrested. The expert witnesses in this case testified that they believed the quarterly testing was necessary to insure the reliability of the second-sample devices. There was also evidence that the Flagstaff Police Department could have complied with the regulation by submitting samples to an independent laboratory for testing and that other communities were complying with the regulation.

In 1984 the legislature amended A.R.S. § 28-692.03 to provide that a showing that a law enforcement agency complied with several specified procedures is the only requirement for admission into evidence of breath test results. Those procedures refer to only one DHS regulation. The state argues, therefore, that all other DHS regulations, including R9-14-415, are non-mandatory and that compliance with them is thus not of paramount importance. We disagree. That statute involves the admissibility of evidence, not the reliability of testing mechanisms.

We conclude that the state has a duty to comply with the DHS testing regulation when it provides second samples to defendants.

### PROPER REMEDY FOR FAILURE TO COMPLY

■ Having determined that the second sample was inadmissible, we must determine if the court was correct in dismissing the cases with prejudice. We conclude that the proper remedy instead is suppression of the state's test results. This remedy results in the dismissal of count two in these cases, the charge brought under A.R.S. § 28-692(B).

This court in *State v. City Court of City of Tucson*, 130 Ariz. 285, 635 P.2d 878 (App.1981), held that when a second sample is not preserved, thus violating the defendant's due process rights enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), suppression of the test results is an adequate remedy. Our supreme court has also ruled that suppression of the test results is an adequate remedy when the elements of intoxication can be established by the use of other evidence and the cases can still be tried without the breath tests. *Scales v. City Court of City of Mesa*, 122 Ariz. 231, 594 P.2d 97 (1979).

In ruling that suppression is the adequate remedy here, we note that the trial court found no bad faith on the part of the state. We therefore remand the matters and instruct the court to proceed in accordance with this opinion.

Remanded.

LIVERMORE, P.J., and ROLL, J., concur.