799 P.2d 12

Timothy W. TYERS, Plaintiff–Appellant,

v.

ARIZONA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Charles L. Miller, Director, Lee A. Prins, Division Director, Defendants–Appellees.

No. 1 CA–CV 89–130.

Court of Appeals of Arizona, Division 1, Department E.

May 3, 1990.

Redesignated as Opinion and Publication Ordered June 21, 1990.

Review Denied Oct. 23, 1990.

Robert K. Corbin, the Atty. Gen. by Janis M. Haug, Asst. Atty. Gen., Phoenix, for defendants-appellees.

Mark N. Weingart by A. Glenn Reesing, Tempe, for plaintiff-appellant.

## MEMORANDUM DECISION ■

EUBANK, Presiding Judge.

This is an appeal from the judgment affirming the suspension of appellant's driver's license pursuant to A.R.S. § 28–694.

In April 1988 appellant was stopped by a police officer who had observed appellant's erratic driving. The officer detected the odor of intoxicants on appellant's breath and thereafter performed a number of field sobriety tests. Appellant's performance was not satisfactory so he was arrested for driving under the influence. He was taken to jail, informed of the implied consent law and agreed to take the breath test.

After the required checklist was followed, the test was administered. The test results showed a blood alcohol content of .138 percent.

An administrative hearing was held to determine if the suspension was valid. At the hearing documents were produced showing that the breath testing device had been tested quarterly and that both before and after the test the device was working properly. At the hearing appellant objected to the admission of the test results because no evidence was produced that the *sample collection device* had been checked quarterly and that, therefore, the accuracy of the test was in question.

The hearing officer admitted the evidence and appellant's driver's license was suspended pursuant to A.R.S. § 28–694. Appeal was taken by appellant to the superior court where the only issue raised was whether or not there must be compliance with Department of Health Services Rule 9–14–405 before breath test results are admissible.

After oral argument the superior court found:

that there need not be compliance with the aforementioned Department of Health regulation. A.R.S. § 28–692.03(A)(5) sets forth the foundational requirements for the admission of the breath test. That statute does not require quarterly testing of the collection device as a prerequisite to the admission of the test results.

Plaintiff does not contest the fact that maintenance records showed the machine was functioning properly prior and subsequent to the plaintiff's test.

Appellant argues that *State v. Harrison,* 157 Ariz. 184, 755 P.2d 1172 (App.1988) requires testing of the device according to Health Service regulation so as to be reliable (*Harrison* was a criminal case involving the admission of record sample results). The superior court found *Harrison* to be "distinguishable" and for all of the reasons stated above affirmed the order of suspension. Appeal was then brought to this court on the issue of admissibility of test results when the collection device had not been tested.

First, we agree with the superior court that *Harrison* is distinguishable. *Harrison* is a criminal drunk driving case. The case before us deals with a civil driver's license suspension.

This court was confronted with a similar issue in *White v. State*, 144 Ariz. 39, 695 P.2d 288 (App.1985). In that case the court considered conflicting rulings of two trial courts. One court affirmed a suspension, the other reversed in situations where advice required in criminal drunk driving cases was not afforded in the civil actions.

This court pointed out the difference between civil and criminal proceedings and that the legislature has the prerogative to make different requirements in the two areas of law. We said:

> The legislature has determined what it perceives to be the prerequisite for controlling the utilization of this state's highways by persons allegedly driving under the influence of intoxicating liquor. The judiciary should not, on a subject over which reasonable persons may differ, add to a statute that which the legislature deemed unnecessary. [Footnote and citation omitted]. We therefore hold that failure to give the advice ... does not prohibit the suspension of driving privileges....

*Id.* at 42, 695 P.2d at 291.

While *White* deals with a different violation, its reasoning is applicable to this case. The legislature has chosen to give different foundational requirements for civil and criminal admissions of breath test results. *Kunzler v. Miller*, 154 Ariz. 570, 744 P.2d 671 (1987).

Arizona Revised Statutes § 28-692.03(A) sets out these civil foundational requirements for an A.R.S. § 28-694 violation. A.R.S. § 28-692.03(B) requires that compliance with (A) is the only admission requirement. Arizona Revised Statutes § 28-692.03 reads:

> A. The results of a breath test administered for the purpose of determining a person's blood alcohol level are admissible as evidence in any trial, action or proceeding for a violation of § 28-692 upon establishing the following foundational requirements:
>
> 1. The test was performed using a quantitative breath testing device approved by the department of health services. A properly authenticated certification by the department of health services is sufficient to establish this requirement.
>
> 2. The operator who conducted the test possessed a valid permit issued by the department of health services to operate the device used to conduct the test.
>
> 3. An operator observed the person charged with the violation for twenty minutes immediately preceding the administration of the test.
>
> 4. The operator who conducted the test followed an operational checklist approved by the department of health services for the operation of the device used to conduct the test. The testimony of the operator is sufficient to establish this requirement.
>
> 5. The device used to conduct the test was in proper operating condition. Records of periodic maintenance which show that the device was in proper operating condition at a time before and after the test are admissible in any proceeding as prima facie evidence that the device was in proper operating condition at the time of the test. Such records are public records.
>
> B. Compliance with subsection A of this section is the only requirement for the admission in evidence of the breath test result.

These foundational requirements are re-emphasized in *Robinson v. Prins*, 161 Ariz. 195, 777 P.2d 693 (App.1989), *approved* 161 Ariz. 198, 777 P.2d 696 (1989). In footnotes two and three the court relies on A.R.S. § 28-692.03(A) and its requirements to illustrate a *prima facie* case. 161 Ariz. at 197-98, 777 P.2d at 695-96.

One of these requirements is a showing that maintenance records were kept that show the machine was functioning properly before and after the test. A.R.S. § 28-692.03(A)(5). In this case a specific finding was made by the superior court to this effect. No argument is made by appellant regarding any of the other requirements. A reading of A.R.S. § 28-692.03 simply does not require that the collection device be tested quarterly as appellant argues.

We, therefore, find that the statutory requirements have been met, that a *prima facie* case was established and that the breath test results were admissible. Indeed, the appellant presented no evidence at all to counter the *prima facie* case of the appellees.

The findings and judgment of the superior court and suspension of appellant's driver's license are affirmed.

SHELLEY and VOSS, JJ., concur.