812 P.2d 1089

**James R. WERNER, Plaintiff–Appellee,**

**v.**

**Lee A. PRINS, as Director of the Arizona Department of Transportation, Motor Vehicle Division, State of Arizona, Defendant–Appellant.**

**No. 1 CA–CV 89–427.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 14, 1991.

Review Denied July 10, 1991.

Patrick E. Eldridge, Phoenix, for plaintiff-appellee.

Grant Woods, Atty. Gen. by Janis M. Haug, Asst. Atty. Gen., Phoenix, for defendant-appellant.

OPINION

McGREGOR, Judge.

The issue in this case is whether the state violated appellee James Werner's right to due process of the law when it was unable to provide him a reasonably reliable preserved breath sample for use in a civil driver's license suspension hearing held pursuant to A.R.S. § 28–694.[1]

I.

Early on March 23, 1989, a Phoenix police officer stopped Werner's car after noticing that the taillights were not illuminated. When Werner stopped, the officer saw that the headlights also were not on. The officer detected an overpowering odor of alcohol and observed that Werner's eyes were watery and bloodshot. Following Werner's poor performance in the field sobriety test, the officer arrested him and transported him to a station where a breath test was administered. The breath test indicated that Werner's blood alcohol content (BAC) was .27 percent. The arresting officer seized Werner's license pursuant to A.R.S. § 28–694.

Werner requested a preserved breath sample upon being advised of his right to do so. See Baca v. Smith, 124 Ariz. 353, 604 P.2d 617 (1979). Accordingly, eleven minutes after collecting the first sample, the officer administered a second breath test using a field collection unit, sealed the sample in a standard kit and gave it to Werner.

Werner subsequently requested a hearing before the Arizona Department of Transportation (ADOT) pursuant to A.R.S. § 28–694, subd. A to challenge his license suspension. At the hearing, Werner introduced testimony that the machinery used to take the second sample was defective and, as a result, the second sample was flawed.[2]

Werner argued that Baca required the state to provide him a reliable second breath sample for use at the hearing. The hearing officer concluded that Baca does not apply to civil license suspension hearings and upheld the suspension. After exhausting his administrative remedies, Werner appealed the decision to the superior court. The superior court reversed and ordered Werner's license returned to him.

The Director of the Motor Vehicle Division of the State Department of Transportation appeals the superior court's judgment. We reverse and reinstate the order of suspension.

II.

In Baca v. Smith, a criminal DUI action, the Arizona Supreme Court held that "when requested, the police must take and preserve a separate breath sample for the suspect by means of a field collection unit." Id. at 356, 604 P.2d at 620. The supreme court reasoned that, without a second sample, "the defense has little or no recourse to scientific means of contesting the test results." Id. See also State v. Harrison, 157 Ariz. 184, 755 P.2d 1172 (App.1988).

Werner seeks to extend the holding of Baca to civil DUI proceedings. Werner argues that his only means of attacking the validity of the state's test at the ADOT hearing is the preserved second sample. The state's inability to provide a reliable second sample, he contends, deprived him of "fundamental fairness" and therefore of due process of law. We disagree.

III.

To evaluate Werner's argument, we first consider the statutory language of Arizona's DUI laws, A.R.S. §§ 28–691 through –694. In addition to imposing criminal penalties under defined circumstances, our DUI laws establish license suspension proceedings that are civil in nature. Camp-

---

1. In this opinion, we discuss the DUI statutes as they existed at the time of Werner's arrest. The legislature recently revised those statutes. See Laws 1990, Ch. 375, §§ 7 through 16.

2. The state does not dispute that the second sample was flawed. Similarly, Werner does not dispute that the state complied with A.R.S. § 28–692.03, which defines the civil foundational requirements for admitting the results of a breath test at a license suspension hearing.

*bell v. Superior Court,* 106 Ariz. 542, 550, 479 P.2d 685, 693 (1971). Arizona courts consistently have recognized and effectuated the distinctions between the civil and criminal aspects of DUI statutes. *Compare, e.g., Desmond v. Superior Court,* 161 Ariz. 522, 779 P.2d 1261 (1989) (BAC test results must relate back to time of driving for criminal conviction under section 28–692) *with State ex rel. Ross v. Nance,* 165 Ariz. 286, 798 P.2d 1295 (1990) (section 28–694 does not require relation back of BAC to time of driving to sustain civil license suspension); *Kunzler v. Pima County Superior Court* 154 Ariz. 568, 744 P.2d 669 (1987) (in criminal cases brought pursuant to section 28–692, defendant has right to consult with attorney prior to taking chemical breath test if DUI investigation will not be unduly delayed) *with Kunzler v. Miller,* 154 Ariz. 570, 744 P.2d 671 (1987) (driver has no right to consult with attorney prior to chemical breath test in civil license suspension proceeding); *Baca v. Smith,* (suspect in criminal action under section 28–692 must be told that second breath sample will be preserved for him) *with White v. State,* 144 Ariz. 39, 695 P.2d 288 (App.1985) (failure to give *Baca* advice does not prohibit suspension of driving privileges).

The statutory provisions relevant here make clear the legislative intent to differentiate between the relationship of BAC test results and the showing required for the state to obtain a criminal conviction and that necessary to justify a civil license suspension. To convict a defendant of violating the criminal DUI statute, the state must establish that the person drove or physically controlled a vehicle while under the influence of intoxicating liquor. A.R.S. § 28–692.[3] A BAC of 0.10 or more gives rise to the presumption that the defendant operated a vehicle under the influence of intoxicating liquor. A.R.S. § 28–692, subds. A, B and E, par. 3. In a criminal action, therefore, a defendant can use a reliable second sample directly to impeach the state's objective evidence of intoxi-

cation. *See Montano v. Superior Court,* 149 Ariz. 385, 390, 719 P.2d 271, 276 (1986).

The civil provision, in contrast, directs a law enforcement officer to seize the license and serve an order of license suspension if a driver is arrested for violating section 28–692 and if a blood or breath test "indicate[s] 0.10 or more alcohol concentration in the person's blood or breath...." A.R.S. § 28–694, subd. A.[4] A driver whose license has been seized by a law enforcement officer after a DUI arrest has the right to an ADOT hearing. A.R.S. § 28–694, subd. A. The legislature has expressly limited the scope of the hearing to

issues of whether the officer had reasonable grounds to believe the person was driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor, whether the person was placed under arrest for a violation of § 28–692, whether a test was taken, the results of which indicated an alcohol concentration of 0.10 or more, whether the testing method used was valid and reliable and whether the test results were accurately evaluated.

A.R.S. § 28–694, subd. E.

The focus of the suspension hearing, in relation to the breath test, thus is limited to whether the "results of [the test] indicated an alcohol concentration of 0.10 or more," rather than whether the driver actually had a BAC of 0.10. *See State ex rel. Ross v. Nance,* 165 Ariz. 286, 798 P.2d 1295 (1990); A.R.S. § 28–694, subd. E. If the state establishes the elements set out in section 28–694, subd. E, including a showing that the test used to determine the BAC complies with section 28–694, subd. E and meets the foundational requirements of section 28–692.03, the driver's license is suspended.

Recent decisions by this court illustrate the distinction between the use of breath test results in criminal and civil actions. In *White v. State,* 144 Ariz. 39, 695 P.2d 288 (App.1985), we rejected the argument that

---

**3.** A.R.S. § 28–692 has been amended by Laws 1990, Ch. 375, § 8.

**4.** A.R.S. § 28–694 has been amended by Laws 1990, Ch. 375, § 15.

the state's failure to advise a driver of his *Baca* right to have a second sample test taken and preserved precluded license suspension pursuant to the implied consent statute. After discussing the distinction between criminal prosecutions and civil suspension proceedings, we concluded:

> [T]he legislature has determined what it perceives to be the prerequisite for controlling the utilization of this state's highways by persons allegedly driving under the influence of intoxicating liquor. The judiciary should not, on a subject over which reasonable persons may differ, add to a statute that which the legislature deemed unnecessary.

*Id.* 144 Ariz. at 42, 695 P.2d at 291.

In *State v. Harrison,* 157 Ariz. 184, 755 P.2d 1172 (App.1988), this court again considered the effect of the state's failure to provide a reliable second sample in criminal proceedings. Because one of the purposes of requiring that a reliable second sample be provided is to impeach the state's test, we held that the state's test result should be suppressed and ordered that the charges against the defendants under A.R.S. § 28–692, subd. B be dismissed. *Id.* at 186, 755 P.2d at 1174.

In *Tyers v. Arizona Dep't of Transportation,* 165 Ariz. 392, 799 P.2d 12 (App. 1990), another civil proceeding, this court expressly rejected the contention that *Harrison* applied to civil license suspension proceedings and held the results of the initial BAC test admissible even though the results of the second test allegedly were not reliable. Once again distinguishing between criminal and civil proceedings, we stated:

> While *White* deals with a different violation, its reasoning is applicable to this case. The legislature has chosen to give different foundational requirements for civil and criminal admissions of breath test results. *Kunzler v. Miller,* 154 Ariz. 570, 744 P.2d 671 (1987).

*Id.* 165 Ariz. at 394, 799 P.2d at 14.

Prior decisions make clear, then, that the DUI statutes do not extend the *Baca* requirements to civil license proceedings. The only issue remaining is whether the state's failure to provide a second preserved breath sample in a civil proceeding deprives the driver of due process.

The right of citizens to use the highways is subject to reasonable regulation under the police power. *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d at 685 (1971). When a party challenges the constitutionality of a police-power statute, its validity is tested by considering

> whether or not ends sought to be attained are appropriate and the regulations prescribed are reasonable. The measure of reasonableness of a police regulation is what is fairly appropriate to its purpose under all circumstances, and not necessarily what is best; and the test of reasonableness is whether the attempted regulation makes efficient constitutional guaranties and conserves rights, or is destructive of inherent rights.

*Id.* at 546, 479 P.2d at 689 (quoting *Myerson v. Sakrison,* 73 Ariz. 308, 313, 240 P.2d 1198, 1201 (1952)).

We conclude that the state's failure to provide a driver with a preserved breath sample with which to impeach the state's test in a civil suspension proceeding is not fundamentally unfair. The license suspension provision is part of an overall scheme devised by the legislature "to remove from the highways of the state drivers who are a menace to themselves and others because they operate a motor vehicle while under the influence of intoxicating liquor." *Traylor v. Thorneycroft,* 134 Ariz. 482, 483, 657 P.2d 895, 896 (App.1982) (quoting *Campbell v. Superior Court,* 106 Ariz. at 546, 479 P.2d at 689). That purpose "is related to the state's compelling interest in removing alcohol-impaired drivers from the roads because they pose a clear threat to the safety of the public." *Knapp v. Miller,* 165 Ariz. 527, 799 P.2d 868 (App.1990). *See also Fuenning v. Superior Court,* 139 Ariz. 590, 595, 680 P.2d 121, 126 (1983) (stringent DUI laws further state's compelling interest in removing impaired drivers from the road).

Given the significance of the harm addressed by the DUI laws, the legislature

did not act unreasonably by imposing the penalty of a license suspension when a driver tests positive for having a BAC of 0.10 percent or greater. The statutory scheme provides adequate safeguards to ensure that the test result is valid by requiring that the testing machine be in proper working order, functioning within allowable tolerances and adequately tested. Because this legislation, enacted pursuant to the police power, bears a reasonable relation to the legitimate object sought to be achieved, this court will not substitute its judgment for that of the legislature. *See Campbell v. Superior Court,* 106 Ariz. at 546, 479 P.2d at 689; *State v. A.J. Bayless Mkts., Inc.,* 86 Ariz. 193, 197, 342 P.2d 1088, 1090 (1959).

### IV.

We hold that Werner's due process rights were not violated by the state's failure to provide him with a reliable second sample of his breath. The judgment is reversed and the matter is remanded to the superior court with instructions to reinstate the order suspending Werner's driver's license.

KLEINSCHMIDT, P.J., and CLABORNE, J., concur.