[No. 30751. Department One. February 24, 1949.]

THE STATE OF WASHINGTON, on the Relation of Phillip Morrison, Jr., Appellant, v. THE DEPARTMENT OF TRANSPORTATION, Respondent.[1]

Woodrow L. Taylor (of Dalton, Taylor & Dalton), for appellant.

The Attorney General and John F. Lindberg, Assistant, for respondent.

HILL, J.—The appellant is a self-styled "small operator" in the heavy construction business (highways, bridges,

[1]Reported in 202 P. (2d) 916.

dams, etc.), who owns two 1947 White dump trucks. He estimates that he can keep these trucks busy under his own shovels only about twenty-five per cent of the time, and that they could be available for use as common carriers seventy-five per cent of the time. He therefore filed an application with the respondent department for a permit to operate as a common carrier with a waiver of rule No. 16 of the rules and regulations governing motor freight carriers. The rule referred to, as quoted in the department's brief, is as follows:

" 'No Common or Contract Carrier shall operate any vehicle as a private carrier in transporting property owned or being bought or sold by him or it, while said vehicle is registered under his or its permit, except after approval by the Department and a finding that such operation will be in the public interest.' "

Without a waiver of this rule, the appellant could not use his dump trucks on his own operations. (There is some suggestion in the appellant's brief that he was willing to accept a common carrier permit without a waiver of rule No. 16; but the application was not so worded, nor was it amended at any time, and that contingency is not considered on this appeal.)

At the hearing on appellant's application held before an examiner for the department, the appellant and his witnesses testified, and were cross-examined by the attorney for the sole protestant who appeared and by the examiner. Neither the department nor the protestant put in any evidence.

■ The respondent department made what were denominated findings of fact and which were a compound of findings based upon the record, other findings based upon the department's knowledge of conditions existing in the field of dump truck operations, and a generous mixture of argument. (We have heretofore pointed out the impropriety of such findings. *State ex rel. Great Northern R. Co. v. Railroad Commission,* 60 Wash. 218, 110 Pac. 1075; *State ex rel. Bohon v. Department of Public Service,* 6 Wn. (2d) 676,

108 P. (2d) 663.) On these findings, there was based a conclusion that

" . . . to grant this application would not be in the interests of the shipping public and would tend to impair and unreasonably endanger the existing carriers with dump truck rights whose services are essential to the shipping public";

and an order was entered denying the application. 'The order was brought to the superior court for Thurston county on a writ of review, and the order of the department denying the application was affirmed. This appeal followed.

While agreeing with the appellant that the findings are not, in their entirety, supported by the record, we nevertheless affirm the trial court and the department, but solely on the basis that the evidence introduced by the appellant was not sufficient to establish that the operation requested was in the interest of the shipping public. The evidence of the appellant did disclose, it seems to us, a definite failure by the common carrier dump truck operators in the Seattle area to maintain a satisfactory and adequate service, and, had the appellant's application been limited to that area, we would feel that a serious question exists as to whether the department's conclusion that his application was not in the interest of the shipping public could be substantiated from the record. His application, however, was for the entire state, exclusive of local cartage in Spokane and Tacoma, and his evidence fell far short of establishing that common carrier dump truck operators throughout the state were not capable of handling any work that might exist in their areas of operation.

·One other phase of the case warrants attention. We quote the last "finding" of the department:

"There is nothing unique in the record built by this contractor applicant; every contractor in the state could build a similar record before this department in seeking a common carrier permit for his dump trucks. If every contractor who has a fleet of dump trucks is to be given a common carrier permit so that other contractors may utilize his fleet when it is not busy on his own job, the entire field of dump truck operations in connection with the contracting busi-

ness will be removed from the revenue-producing field as far as the purely common carrier dump truckers are concerned. This would mean a drastic cut in the income of the dump truckers who have the same investment in equipment and the same depreciation and overhead costs in regard to their equipment as the contractors, except that the dump trucker has no means whereby he can supplement his income if his equipment is not being utilized in common carrier operations. Obviously, if the availability of revenue producing jobs for dump truckers, is restricted because contractors have secured permits to haul for one another at odd times, the common carriers cannot afford to maintain their equipment subject to the call of the contractors when needed. A fleet of common carrier trucks on call is needed by contractors as well as by the general public."

Then followed the conclusion of the department heretofore quoted.

The department, in effect, announced its intention to protect the existing common carriers by dump truck from the unfair competition of those who would devote only their spare time, that is, the time when they were not employed on their own jobs, to hauling as common carriers. The appellant insists that, if this is the policy of the department, it has been but recently adopted and not consistently adhered to, and says in his brief that

"  . . . the department is continuing to grant common carriers permits for dump truck operation, with waiver of Rule 16 in certain instances."

If that be true, the department's action in the present case might well be labeled arbitrary and capricious, but there is nothing in the record before us to substantiate the charge made in the appellant's brief.

The judgment appealed from is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and MALLERY, JJ., concur.