[No. 26-40193-1.   Division One.   October 15, 1969.]
Panel 2

R. E. STRATTON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Slade Gorton, Attorney General, Lembhard G. Howell* and *Gerald L. Casey, Assistants,* for appellant.

*Jackson, Ulvestad & Goodwin,* for respondent.

STAFFORD, J.—A judgment of the superior court reversed an order of the Board of Industrial Insurance Appeals which held respondent R. E. Stratton to have a 100 per cent permanent *partial* disability. The cause was remanded to the Department of Labor and Industries with directions to place Mr. Stratton on a pension as a *totally* and permanently disabled workman. The Department appeals. The question raised herein is one of first impression.

Mr. Stratton sustained an industrial injury for which he ultimately received a permanent partial disability award of 70 per cent of the maximum allowable for unspecified disabilities. Thereafter, he appealed to the Board which referred the matter to a "hearing examiner." Examiner Dunnavan took the testimony of Mr. Stratton. Examiner Sylvester conducted the examination of all medical witnesses.

At the conclusion of all hearings, Examiner Sylvester prepared a *proposed* decision and order which reversed the order of the Supervisor of Industrial Insurance and remanded the claim with directions to place Mr. Stratton on a pension as a *totally and permanently disabled workman.* The Department filed a statement of exceptions as a result of which the *proposed* decision and order were not adopted by the Board.

The Board reviewed the record, disagreed with the examiner's *proposed* decision and order, and remanded the cause with directions to pay the claimant a *permanent partial disability award of 100 per cent* of the maximum allowable for unspecified disabilities, less prior awards. Thereafter, the case was closed. The Board's order was accompanied by findings and conclusion as required by RCW 51.52.106.

Mr. Stratton appealed to the superior court. A jury verdict awarded him a *total permanent disability* pension.

The Department concedes that the extent of Mr. Stratton's disability presented a question of fact for the jury. However, error is assigned to the giving of instruction No.

2, a verbatim recitation of the Board's findings of fact. Section 2 of instruction No. 2 informed the jury:

On May 24, 1966, a Board hearing examiner entered a Proposed Decision and Order wherein he reversed the order entered by the Supervisor of Industrial Insurance on April 29, 1964, and remanded this claim with direction to place the claimant on the *pension rolls*. Thereafter the Department of Labor and Industries filed a timely Statement of Exceptions to such Proposed Decision and Order. (Italics ours.)

Section 2 is inconsistent with the Board's ultimate findings contained in sections 5 and 6 of the same instruction. They stated that the workman's permanent *partial* disability had increased to 100 per cent of the maximum allowable for unspecified disabilities, but that he was still physically and mentally capable of carrying on a gainful occupation on a reasonably continuous basis, within the sphere of his experience and training.

*Quaere:* If the Board rejects a trial examiner's proposed decision of a case, but incorporates it in one of the Board's "findings," is it error for the trial court to advise a jury of that inconsistent "finding" in light of RCW 51.52.115 which requires the trial court to "advise a jury of the exact findings of the board on each material issue before the court"?
Answer: Yes.

A hearing examiner is merely an employee of the Board. Pursuant to RCW 51.52.104, his proposed decisions and orders are not the decisions and orders of the Board. They do not acquire that dignity until the Board formally adopts them. If, as in this case, a statement of exceptions is filed, the Board is required to review the record and render its own written decision and order which ". . . shall contain findings and conclusions as to each contested issue of fact and law . . ." RCW 51.52.106. That document is the decision and order of the Board. The hearing examiner's rejected proposal has no standing.

One who appeals from a decision and order of the Board is entitled to a trial de novo in the superior court. RCW

51.52.115. If the case is tried to a jury, the same testimony which was considered by the Board is read to it. Thereafter, it decides whether the Board's determination of the case was correct.

■ It is necessary to restrict the jury's consideration to Board findings on *material issues*, because the court is also required to advise the jury that it shall presume the findings and decisions of the Board are prima facie correct. RCW 51.52.115. If the presumption of correctness applied to *all* board findings, both material and immaterial, confusion would reign.

An examiner's rejected proposed decision and order are not prima facie correct. Only the findings and decision of the Board are entitled to that presumption. RCW 51.52.115. Yet, such a presumption would be incorrectly accorded an examiner's rejected order if the trial court incorporated it in an instruction as a "finding" of the Board. As a result, a jury would be confronted with inconsistent "findings," each of which would be presumably correct. The jury would be invited to speculate whether the examiner possessed some special knowledge by supposedly having observed all of the witnesses, a special knowledge unavailable to either the Board or the jury.

Thus, the trial court is given a measure of control. It is required to advise the jury only of the exact findings which pertain to each *material issue* before the court. RCW 51.52.115. It is not required to instruct the jury on *all* matters which may have been denominated "findings" by the Board.

■ In the case at hand, the Board's recitation of the hearing examiner's rejected decision and order was neither a finding on an *issue* in the case, nor was it *material* to any question to be decided (*e.g.* whether the Board's determination of disability was correct; and, if not, what the correct degree of disability was).

The fact that the hearing examiner's rejected proposal was given to the jury in the form of a Board "finding" was a tactical advantage to the workman in the instant case.

The injection of such immaterial matters, however, cuts both ways. It can weigh just as heavily *against* a workman's claim if an examiner's rejected proposal is adverse to his cause.

The trial court should not advise a jury of a hearing examiner's rejected decision and order merely because it has been incorporated in what the Board has denominated as a "finding." The practice only serves to confuse the jury and divert its attention from the duty to determine whether, on *material issues* presented to them, the evidence preponderates in favor of or against the Board's findings and decision.

The judgment is reversed and remanded for a new trial.

HOROWITZ, A. C. J., and UTTER, J., concur.