[No. 53-40393-1.    Division One.    December 22, 1969.]
Panel 2

Arthur Gaines, *Respondent*, v. The Department of Labor
and Industries, *Appellant.*

*Slade Gorton, Attorney General,* and *Gerald L. Casey, Assistant,* for appellant.

*Walthew, Warner & Keefe* and *Eugene Arron,* for respondent.

HOROWITZ, A. C. J.—Plaintiff, a laborer working for an employer covered by the Industrial Insurance Act (RCW Title 51), sustained an injury on the basis of which he later claimed to be permanently and totally disabled. The Department of Labor and Industries (Department) disagreed, although allowing a claim for some disability. Plaintiff appealed to the industrial insurance board for a de novo hearing (RCW 51.52.106, as amended). Plaintiff then appealed to the superior court below (RCW 51.52.110; 51.52.115). After a de novo hearing on the record in a trial by jury, judgment was entered reversing the board's order with direction to place the plaintiff on the pension rolls as permanently and totally disabled. The Department appeals.

The sole question presented is whether the trial court erred in refusing to advise the jury of board finding 5 reading:

> In testifying as a witness and in presenting himself as a subject for examination to the several doctors who examined him to determine the nature and extent of his conditions attributable to his injury of December 23, 1959, claimant purposely misrepresented his physical condition, his physical limitations, and the extent of his pain, to such an extent as to discredit his subjective complaints, except as the same were born out by objective findings of the doctors.

The Department contends that RCW 51.52.115 requires the trial court in a jury trial to "advise the jury of the exact findings of the board on each material issue before the court" and that although finding 5 is a subordinate as distinguished from an ultimate finding of fact, it is still a findng, the entry and reading of which is required by *Groff v. Department of Labor & Indus.,* 65 Wn.2d 35, 395 P.2d 633 (1964). Plaintiff contends that finding 5 is not a finding in

the sense used in RCW 51.52.115, and that the issue of plaintiff's credibility is for the jury uninfluenced by any board finding on the matter, citing *Alfredson v. Department of Labor & Indus.*, 5 Wn.2d 648, 105 P.2d 37 (1940). General language may be found in cases cited in the briefs by each party that seem to support the respective contentions of the parties. No case cited, however, deals specifically with the problem of the proper construction of the word "findings" in RCW 51.52.115 so as to resolve the problem here presented.

The word "findings" as used must be understood in context and in purpose in order to fulfill the legislative intent. Indeed, the legislative purpose of an entire statute "is a matter of prime importance in arriving at a correct interpretation of its parts . . . " *State ex rel. Spokane United Rys. v. Department of Pub. Serv.*, 191 Wash. 595, 598, 71 P.2d 661 (1937); *In re Estate of Bracken*, 56 Wn.2d 17, 351 P.2d 151 (1960). The construction of the word "findings" may well depend upon the statute involved, whether it be a workmen's compensation statute (Annot., 146 A.L.R. 123-202 (1943)) or otherwise. *Cf.*, *State ex rel. Morrison v. Department of Transp.*, 32 Wn.2d 580, 581, 202 P.2d 916 (1949) (disapproving argumentative findings entered by the Department of Transportation).

The Industrial Insurance Act supplants the common law system governing remedies of workmen against employers for injuries received in extrahazardous occupations. The common law remedies are characterized as "uncertain, slow and inadequate." (RCW 51.04.010) The system of compulsory industrial insurance adopted is intended to provide "sure and certain relief for workmen . . . their families and dependents . . . regardless of questions of fault and to the exclusion of every other remedy . . . except as otherwise provided . . . " *Ross v. Erickson Constr. Co.*, 89 Wash. 634, 155 P. 153 (1916); *State ex rel. Bates v. Board of Indus. Ins. Appeals*, 51 Wn.2d 125, 128, 316 P.2d 467 (1957).

We turn to a consideration of the review procedures expressing legislative policy. Such provisions are not entirely unique but they are different. *Floyd v. Department of Labor & Indus.*, 44 Wn.2d 560, 573-4, 269 P.2d 563 (1954). Claims under the act are submitted for determination on a de novo basis, first, by the Department of Labor and Industries (ch. 51.28); second, by way of an optional appeal to a 3-member Board of Industrial Insurance Appeals (RCW 51.52.010; 51.52.100; 51.52.102; 51.52.106); third, an optional appeal by the aggrieved claimant or the department[1] to the superior court pursuant to RCW 51.52.110 and 51.52.115; and, finally, an optional appeal by an aggrieved party to the appellate court as in any other appeal.

In the superior court the "findings and decision of the board" are "prima facie correct and the burden of proof" is "upon the party attacking the same." In jury cases "the court by instruction" must advise the jury of "the exact findings of the board on each material issue before the court." (RCW 51.52.115) Unlike the appellate rule of review in which findings must be accepted if supported by substantial evidence, the trier of the fact, be it court or jury, is at liberty to disregard board findings and decision if, notwithstanding the presence of substantial evidence, it is of the opinion that other substantial evidence is more persuasive. See *Scott Paper Co. v. Department of Labor & Indus.*, 73 Wn.2d 840, 440 P.2d 818 (1968). It is only if the substantial evidence presented by the record is evenly balanced that the findings control. *Scott Paper Co. v. Department of Labor & Indus., supra; Allison v. Department of Labor & Indus.*, 66 Wn.2d 263, 401 P.2d 982 (1965); *Groff v. Department of Labor & Indus.*, 65 Wn.2d 35, 395 P.2d 633 (1964). Furthermore, a written statement characterized as a finding by the board does not necessarily make it one. Thus, there must be substantial evidence to support the finding before it can be treated as such. *Olympia Brewing Co. v. Department of Labor & Indus.*, 34 Wn.2d 498, 208 P.2d 1181

[1]Added by Laws of 1957, ch. 70, § 61, p. 301.

(1949). To further protect the integrity of the jury's right and duty to review the board's findings and decision on a de novo basis, the superior court is not required to advise the jury of a board finding unless the finding is on a "material issue" before the court. *Stratton v. Department of Labor & Indus.*, 1 Wn. App. 77, 459 P.2d 651 (1969).

It will thus be seen that the legislature rejected the appellate rule of review in an appeal from the board to the superior court and substituted de novo review on the record as the proper method of disposing of a claim compensable under the act. We should construe the word "findings" in a manner that will best fulfill the legislative preference thus expressed. *Cf., Martin v. Department of Social Security*, 12 Wn.2d 329, 121 P.2d 394 (1942) and *International Stevedoring Co. v. Haverty*, 272 U.S. 50, 52, 71 L. Ed. 157, 47 S. Ct. 19 (1926). If board findings that are to be given prima facie effect by a jury are evidentiary or argumentative findings (characterized by the Department as "subordinate findings") their detailed or argumentative nature may be such as to substantially impede or derogate from the ability of a claimant to obtain a de novo review of the evidence received by the board. The practical effect of permitting evidentiary or argumentative findings may well go far toward substituting the rule of appellate review for the rule of de novo review. Thus, a subordinate finding on the credibility of witnesses testifying before the board could effectively and adversely deprive a claimant of an opportunity to re-examine such evidence in any meaningful way. In the instant case, finding 5, for example, could have had the effect of utterly destroying the plaintiff's credibility, making recovery improbable. The board must determine whom it will believe. *Groff v. Department of Labor & Indus., supra*, but on appeal the credibility of the witnesses testifying is still an issue of fact for the jury to determine as it was in the instant case. This potential interference of evidentiary and argumentative findings with effectiveness of the legislative remedy preferred by the legislature can be obviated if the word "findings" is construed to mean

findings of ultimate fact; *e.g.,* a finding on the identity of the claimant and his employer, the claimant's status as an employee or dependent under the act, the nature of the accident, the nature of the injury or occupational disease, the nature and extent of disability, the causal relationship between the injury or the disease and the disability, and other ultimate facts upon the existence or nonexistence of which the outcome of the litigation depends. The dividing line between evidentiary or argumentative (subordinate) and ultimate findings of fact cannot be readily stated. Some cases are clear; *e.g.,* specific statement by the board (in addition to ultimate findings made by the board) of the board's views as to evidence supporting the ultimate finding; recitals or summaries of evidence; statements of the contentions of the parties; statements that a witness or witnesses testified in a certain way; statements that certain evidence or arguments support the board's ultimate findings; statements that a witness is or is not to be believed. See *Bowen v. Industrial Comm'n,* 239 Wis. 306, 1 N.W.2d 77 (1941).

To the foregoing considerations there should be added certain canons of statutory construction, namely; (1) that the entire statute should be liberally construed to advance the remedy provided by the act (*Peet v. Mills,* 76 Wash. 437, 136 P. 685 (1913)); (2) to conform to the spirit as well as the letter of the act (*Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 382 P.2d 639 (1963)); and (3) that any doubt as to the meaning of the statute should be resolved in favor of the claimant for whose benefit the act was passed; cf., *Bowen v. Statewide Retirement Sys.,* 72 Wn.2d 397, 402, 433 P.2d 150 (1967).

RCW 51.52.106, as amended, does not expressly require the board to make evidentiary findings in the scheme of appellate review.[2] Considering the remedial purpose of

[2]Prior to the amendment of RCW 51.52.106 (Laws of 1963, ch. 148, § 7, p. 691; Laws of 1965, Ex. Ses., ch. 165, § 4, p. 2624, effective July 1, 1965) the statute made express provision for the making of certain categories of findings ultimate in nature and "other material facts pertinent to the case." The elimination of these provisions in the

the statute to protect the claimant by a de novo review on the record before the board and considering the scheme of review provided by the act, we are of the opinion that finding 5 is not the kind of finding required to be read to the jury.

The judgment is affirmed.

UTTER and STAFFORD, JJ., concur.

amended statute does not require an interpretation that the finding must be evidentiary. The overall legislative policy preference respecting appeals remains.