[No. 217-41483-3.   Division Three.   February 8, 1971.]

ALBERT MELON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*William F. Lockett* and *Albert Melon*, for appellant.

*Slade Gorton, Attorney General*, and *Gomer L. Cannon, Assistant*, for respondent.

MUNSON, C.J.—Plaintiff, Albert Melon, was injured in the course of his employment as a construction worker. As a result of the injury, the Department of Labor and Industries awarded him disability benefits of 10 per cent of the maximum allowable for unspecified disabilities and combined loss of hearing in both ears. Plaintiff appealed to the Board of Industrial Insurance Appeals. The department's decision was reversed and plaintiff was awarded 50 per cent of the maximum allowable for unspecified disabilities, less the previous amount awarded under the department's decision. Plaintiff appealed to the superior court.

Although plaintiff was represented by counsel during his appeal to the Board of Industrial Insurance Appeals, he represented himself at the superior court trial level. The jury granted plaintiff 75 per cent of the maximum benefit allowable for unspecified disabilities and 10 per cent of those for loss of hearing. Plaintiff now appeals from a judgment rendered on the jury's finding.

Plaintiff secured counsel to prosecute his appeal

and through him assigns error to an instruction given by the court. Before the trial court no objection was taken to the challenged instruction. Plaintiff's failure to object to the instruction[1] brings this case within the rule that instructions not objected to at trial become the law of the case on appeal. *Seattle v. Harclaon*, 56 Wn.2d 596, 354 P.2d 928 (1960).

Prior to our consideration of this appeal, plaintiff dismissed his attorney. Although he has agreed to submit his case on his former counsel's brief, we are aware that plaintiff's main contention on appeal, as indicated by his notice of appeal, is that the trial court erred in failing to admit as exhibits a six-by-ten timber beam and a safety hard hat. We find no error in the trial court's ruling. RCW 51.52.115 allows a superior court to hear a Department of Labor and Industries appeal de novo but it also requires the court not to "receive evidence or testimony other than . . . that offered before the board or included in the record filed by the board . . .". The proffered exhibits were not a part of that record.

Judgment affirmed.

GREEN and EVANS, JJ., concur.

---

[1] In this case the court gave an instruction similar to the one rejected in *Gaines v. Department of Labor and Indus.*, 1 Wn. App. 547, 549, 463 P.2d 269 (1969). We concur with the *Gaines* opinion.