[No. 15492-1-III.    Division Three.    December 31, 1996.]
LYNN M. JENKINS, *Appellant*, v. DEPARTMENT OF
LABOR AND INDUSTRIES, ET AL., *Respondents*.

8

*Kathleen G. Kilcullen*, for appellant.

*Gilbert M. Stratton* and *Craig, Jessup & Stratton*, for respondents.

MUNSON, J. — Lynn M. Jenkins appeals a jury verdict affirming the Board of Industrial Insurance Appeals' order finding that she did not sustain an injury while in the course of her employment. She contends that the trial court erred by including in the jury instructions a verbatim recitation of the Board's findings of fact and conclusions of law because certain findings of fact were immaterial and highly prejudicial. We affirm.

Ms. Jenkins filed an application for benefits with the Department on September 24, 1993, alleging that she injured her lower back in the course of her employment at Columbia Basin Hospital on or about August 10, 1993. The Department initially allowed her claim, but on

November 17, 1993, issued an order denying her claim because "there was no proof of a specific injury at a definite time and place, that the condition was not the result of the injury alleged or of an industrial injury or occupational disease and that the condition pre-existed the injury and was not related to it." Ms. Jenkins appealed the November 17 order to the Board. After a hearing before the Board, the industrial appeals judge issued a "Proposed Decision and Order" finding that Ms. Jenkins did not sustain an industrial injury in the course of her employment and therefore affirmed the Department's order denying her claim.

In support of the Board's proposed decision and order, it made certain findings of fact based on the evidence in the record. The findings that are at issue in this case described Ms. Jenkins' consultations with three different doctors and her failure to tell any of them that she thought her lower back injury occurred while at work. Ms. Jenkins then filed a petition for review of the Board's proposed decision and order which was denied. On February 1, 1995, the Board adopted the findings in the proposed decision and order as the final order of the Board. Ms. Jenkins appealed the Board's proposed final order to the Grant County Superior Court on February 14, 1995. A jury trial was held and the trial court's instructions to the jury included a verbatim recitation of the findings of fact and conclusions of law set forth in the Board's final order. The jury then returned a verdict finding that Ms. Jenkins did not sustain an injury while in the course of her employment at Columbia Basin Hospital on or about August 10, 1993. Ms. Jenkins now appeals that verdict.

Ms. Jenkins contends that the trial court erred by including in the jury instructions a verbatim recitation of the Board's findings of fact and conclusions of law. In particular, she challenges the following findings of fact:

> 2. On August 11, 1993, Lynn M. Jenkins consulted with Robert Ross, D.C., whom she had seen on approximately 43 occasions between November 1983 to June 1985 and May

1993 to August 1993 and for whom she had worked between about 1984 and 1985. Ms. Jenkins did not describe to Dr. Ross on that date any injury which she had sustained in the course of her employment as a housekeeper at Columbia Basin Hospital on or about August 10, 1993.

3. On August 15, 1993, Lynn M. Jenkins consulted with emergency room physician Harvey R. Fritz for her low back, left hip and left leg discomfort, but did not describe to him any injury in the course of her work as a housekeeper at Columbia Basin Hospital on or about August 10, 1993.

4. On August 20, 1993, Lynn M. Jenkins consulted with family practitioner William B. Kirkham for low back pain with pain into the left buttock and leg, but did not describe to Dr. Kirkham on that date any injury which she had sustained in the course of her employment as a housekeeper at Columbia Basin Hospital on or about August 10, 1993.

Specifically, Ms. Jenkins contends these findings were not material to the issue of whether she actually injured her back during the course of her employment and called into question her veracity because they were contrary to her testimony. Accordingly, she argues these findings should not have been presented to the jury.

■ The superior court reviews the Board's record and decision and order de novo. RCW 51.52.115; *Stratton v. Department of Labor & Indus.*, 1 Wn. App. 77, 79-80, 459 P.2d 651 (1969). In all court proceedings under this title, "the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same." RCW 51.52.115. Further, "[w]here the court submits a case to the jury, the court shall by instruction advise the jury of exact findings of the board on each material issue before the court." RCW 51.52.115; *Stratton*, 1 Wn. App. at 80. The appellate court's review is "limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings." *Young v. Department of Labor & Indus.*, 81 Wn. App. 123, 128, 913 P.2d 402, *review denied*, 130 Wn.2d 1009 (1996).

■ The key issue is whether the findings involving Ms. Jenkins' failure to inform three doctors of how she sustained her injury involved a material issue. Only findings of ultimate facts should be permitted, not evidentiary or argumentative findings. *Gaines v. Department of Labor & Indus.*, 1 Wn. App. 547, 551-52, 463 P.2d 269 (1969). Examples of findings of ultimate facts include:

a finding on the identity of the claimant and his employer, the claimant's status as an employee or dependent under the act, the nature of the accident, the nature of the injury or occupational disease, the nature and extent of disability, the causal relationship between the injury or the disease and the disability, and other ultimate facts upon the existence or non-existence of which the outcome of the litigation depends. The dividing line between evidentiary or argumentative (subordinate) and ultimate findings of fact cannot be readily stated.

*Gaines*, 1 Wn. App. at 552. The finding at issue in *Gaines* provided:

In testifying as a witness and in presenting himself as a subject for examination to the several doctors who examined him to determine the nature and extent of his conditions attributable to his injury of December 23, 1959, claimant purposely misrepresented his physical condition, his physical limitations, and the extent of his pain, to such an extent as to discredit his subjective complaints, except as the same were born[e] out by objective findings of the doctors.

*Gaines*, 1 Wn. App. at 548. The court found that this finding was properly excluded because it could have had the effect of "utterly destroying the plaintiff's credibility, making recovery improbable." *Gaines*, 1 Wn. App. at 551. A further example of an improper argumentative finding is found in *Stratton v. Department of Labor & Indus.*, 7 Wn. App. 652, 501 P.2d 1072 (1972) (*Stratton II*). The finding in that case provided, in part:

*Associated with this psychiatric disorder is a demonstrated lack of motivation in the claimant to seek out and maintain gainful employment, coupled with a strong tendency and desire to realize a monetary gain from his injury.*

*Stratton* II, 7 Wn. App. 654. This finding was improper because it was not based on any medical or other evidence and was the opinion of the Board. *Stratton* II, 7 Wn. App. 654. Further, the "description of Stratton's attitude, unsupported as it is by the evidence, is a comment upon his character and an argument as to why he should not be awarded pension. It is highly prejudicial and improper." *Stratton* II, 7 Wn. App. 654.

The findings in *Stratton* II and *Gaines* are distinguishable from the current disputed findings. The findings at issue in this case illustrate that on three occasions within 10 days of the alleged injury, Ms. Jenkins visited three different doctors and did not tell any of them that the pain in her lower back may have been caused by her activities at work. Unlike the findings in *Stratton* II and *Gaines*, these findings did not attack Ms. Jenkins' credibility or consist of opinions of the Board. Rather, they were based on evidence presented to the Board and were material to the ultimate issue: whether Ms. Jenkins injured her back while in the course of her employment at Columbia Basin Hospital on or about August 10, 1993.

These findings are material because they were the basis for the Board's decision that Ms. Jenkins did not meet her burden of proving by a fair preponderance of the evidence that she in fact sustained an industrial injury. *Olympia Brewing Co. v. Department of Labor & Indus.*, 34 Wn.2d 498, 505, 208 P.2d 1181 (1949), *rev'd on other grounds in Windust v. Department of Labor & Indus.*, 52 Wn.2d 33, 39, 323 P.2d 241 (1958). The Board found that Ms. Jenkins failed to meet her burden due to the discrepancies between her testimony and that of the three doctors. Ms. Jenkins testified that she told the doctors what had happened at work and each doctor testified that she did not describe the incident causing her injury. The Board found that although Ms. Jenkins may have been afraid of losing her job by filing a claim, that alone did not explain her failure to describe the injury to the doctors. Due to the discrepancies between Ms. Jenkins' and the doctors'

testimony, the Board concluded that Ms. Jenkins failed to prove by a fair preponderance of the evidence that she sustained an injury in the course of her employment with Columbia Basin Hospital on or about August 10, 1993.

It is clear from the Board's decision that the controverted findings were material to resolving the ultimate issue of whether Ms. Jenkins injured her back during the course of her employment. Since these findings were material to the ultimate issue, the superior court properly instructed the jury as to the exact findings of the Board. RCW 51.52.115. Moreover, these findings were not argumentative and did not contain evidentiary commentary; therefore, the superior court properly declined to excise any portion of these findings.

Ms. Jenkins also argues that since the findings at issue are contrary to her testimony, they discount her veracity. However, these findings do not include commentary explaining that the Board's decision was based on its belief of the doctors rather than Ms. Jenkins. An example of an improper finding concerning the credibility of a claimant is found in *Gaines* where the finding at issue specifically provided that the " 'claimant purposefully misrepresented his physical condition.' " *Gaines*, 1 Wn. App. at 548. The findings in this case are clearly distinguishable and do not "destroy" Ms. Jenkins' credibility. Further, "the trier of fact, be it court or jury, is at liberty to disregard board findings and decision if, notwithstanding the presence of substantial evidence, it is of the opinion that other substantial evidence is more persuasive." *Gaines*, 1 Wn. App. at 550 (citing *Scott Paper Co. v. Department of Labor & Indus.*, 73 Wn.2d 840, 440 P.2d 818 (1968)). The jury was not bound by the findings in this case if it found other evidence, including Ms. Jenkins' testimony, more persuasive. Since these findings did not discount Ms. Jenkins' credibility or veracity they were properly presented to the jury pursuant to RCW 51.52.115.

After reviewing the record, it is clear that substantial evidence supports the superior court's findings. Although

Ms. Jenkins has suffered an injury, at issue was whether she sustained that injury during the course of her employment at Columbia Basin Hospital. Evidence showing that she failed to describe the cause of her injury to three different doctors within 10 days after the alleged incident is sufficient to support the jury's finding that Ms. Jenkins did not sustain an industrial injury.

■ Finally, Ms. Jenkins contends she is entitled to relief because "the guiding principle in construing provisions of the Industrial Insurance Act is that the Act is remedial in nature and is to be liberally construed . . . ." *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). Under a liberal construction of the act, Ms. Jenkins urges this court to liberally interpret what constitutes a material fact and thereby find that findings 2, 3, and 4 should have been omitted as opinions of the Board. Although liberal construction is the "guiding principle," workers who claim rights under the act "should be held to strict proof of their right to receive benefits . . . ." *Clausen v. Department of Labor & Indus.*, 15 Wn.2d 62, 68, 129 P.2d 777 (1942); *In re Jullin*, 23 Wn.2d 1, 13, 158 P.2d 319, 160 P.2d 1023 (1945); *DeHaas v. Cascade Frozen Foods, Inc.*, 23 Wn.2d 754, 759, 162 P.2d 284 (1945). Ms. Jenkins attempts to distinguish *Clausen* by asserting that the issue in *Clausen* was whether the individual was even a "worker" under the act. Ms. Jenkins has correctly stated the issue in *Clausen*, but the language of the decision is clear that strict proof is required for anyone claiming a right to receive benefits under the act. *Clausen*, 15 Wn.2d at 68. The decision is not limited to requiring strict proof only when determining whether an individual is a worker under the act. Accordingly, even under a liberal application of the act, Ms. Jenkins has failed to establish that the findings describing her failure to notify three doctors of the cause of her injury were not material to the ultimate issue in this case. Therefore, the superior court did not err by including in the jury instructions a verbatim recitation of the Board's findings of fact.

Affirmed.

SWEENEY, C.J., and THOMPSON, J., concur.