# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| WILLIAM A. DORN, | No. 53094-5-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND INDUSTRIES, AND COLVICO, INC., | |
| Respondents. | |

LEE, C.J. — William Dorn appeals the trial court's denial of his motion to vacate and for a new trial. Dorn argues that the trial court erred by refusing to (1) include a jury instruction on the Department of Labor and Industries' (Department) change in legal position and (2) allow Dorn to make a closing argument informing the jury that the Department had changed its position.

We hold that the trial court did not err by refusing to include a jury instruction on the Department's change in legal position or by refusing to allow Dorn to make a closing argument informing the jury that the Department had changed its position. Accordingly, we affirm the trial court's denial of the motion to vacate and for a new trial.

FACTS

A.    INDUSTRIAL INJURY CLAIM

Dorn sustained an industrial injury in August 2013, when he fell out of a truck. The accident resulted in a minor concussion and strains to Dorn's left shoulder and thoracic spine.

On February 9, 2015, the Department issued an order stating that "treatment for this claim is concluded," and the claim is closed.[1]  Clerk's Papers (CP) at 36.  On July 20, the Department canceled the closing order of February 9, and kept the claim open for authorized treatment and benefits.

On August 4, the Department issued an order which stated that it was "responsible for the condition diagnosed as thoracic sprain and left shoulder sprain, determined by medical evidence to be related to the accepted condition under this industrial injury for which this claim was filed."

B.    APPEAL TO THE BOARD OF INDUSTRIAL INSURANCE APPEALS

On August 20, Dorn's employer, Colvico, Inc. (Colvico), filed a notice of appeal, Docket No. 15-19187, with the Board of Industrial Insurance Appeals (Board), appealing the July 20, 2015 Department order.  On the same day, Colvico filed another notice of appeal, Docket No. 15-19190, with the Board, appealing the August 4, 2015 Department order.  The Board granted both appeals.

The Board considered testimony from eleven witnesses.  These witnesses included medical doctors, a neuropsychologist, an optometrist, and lay witnesses, including Dorn himself.  During Dorn's testimony, Colvico objected to a question from the Department and stated, in conjunction

---

[1] The original claim for treatment is not in the record.

with the objection, "I'd note that the Department and the claimant are aligned in this appeal." CP

at 115-16.

On July 12, 2017, the Board entered its Decision and Order, which included its findings of

fact and conclusions of law. The Board's findings of facts stated:

1.      On November 10, 2015, an industrial appeals judge certified that the parties agreed to include the Jurisdictional History in the Board record solely for jurisdictional purposes.

2.      William A. Dorn sustained an industrial injury on August 2, 2013 when he fell out of a truck and sustained a minor concussion and strains to his left shoulder and thoracic spine.

3.      As of July 20, 2015, William A. Dorn's medical conditions, proximately caused by the August 2, 2013 industrial injury, were fixed and stable and did not require further medical care and treatment.

CP at 32. The Board's conclusions of law stated:

1.      The Board of Industrial Insurance Appeals has jurisdiction over the parties and subject matter in these appeals.

2.      As of July 20, 2015, the claimant's medical conditions proximately caused by the August 2, 2013 industrial injury were not in need of further necessary and proper medical treatment as contemplated by RCW 51.36.010.

3.      The August 4, 2015 order of the Department of Labor and Industries is correct and is affirmed.

4.      The July 20, 2015 order of the Department of Labor and Industries is incorrect and is reversed and remanded with direction to close the claim.

CP at 32-33.

C.    APPEAL TO THE SUPERIOR COURT

Dorn appealed the Board's Decision and Order to the superior court on August 4, 2017. The Department filed a notice of appearance on August 25. On March 21, 2018, the law firm representing Colvico notified the court that it was withdrawing as attorney in the appeal.

The trial court held a jury trial from May 24 to June 4, 2018. At the start of trial, Dorn moved for the trial court to allow him to inform the jury in his closing argument about the change in the Department's position from being aligned with Dorn to defending the Board's decision.[2] The trial court denied the motion because it was irrelevant to whether or not the Board was correct in its decision. During the trial, the Department defended the Board's decision.

Dorn proposed a jury instruction which stated:

> This litigation commenced when the Department of Labor and Industries issued a remain-open order. The employer, Colvico, appealed that decision to the Board of Industrial Insurance Appeals. The Board of Industrial Insurance Appeals agreed with Colvico and found that Mr. Dorn wasn't in need of further treatment as of July 20, 2015.

CP at 490. At a conference about the jury instructions, the trial court declined to provide Dorn's proposed jury instruction. The trial court stated that Instruction 2, which outlined the procedure of how a case gets to the superior court, was sufficient to outline the procedure of the case. The trial court also stated,

> I think this is different than a case where a witness comes in and says the light was green and then says the light was red in the sense that the Industrial Insurance Act is the legislative creation which allows the Department to take different positions. And so it's different than a lay witness coming in and changing positions.

---

[2] Before this point, there is nothing in the record indicating that the Department had changed any position.

No. 53094-5-II

Verbatim Report of Proceedings (VRP) (May 31, 2018) at 5. And the trial court stated that the proposed instruction gave "undue emphasis" to what the Department is allowed to do under the law. VRP (May 31, 2018) at 6.

As to allowable closing argument, the trial court stated that it did not want Dorn to discuss the Department's change of position. Dorn was allowed to state that there was an order below, the employer appealed that order to the Board, the employer prevailed before the Board, and Dorn appealed the Board's decision.

The final jury instructions included the following:

Jury Instruction No. 2:

> This case is brought pursuant to the Industrial Insurance Act. The purpose of the Industrial Insurance Act is to provide benefits to workers and their dependents for disabilities or deaths caused by industrial injuries or occupational diseases.
> The Department of Labor and Industries is the state agency that administers the Industrial Insurance Act and acts as the trustee of the funds collected pursuant to the Act. It is the Department's duty to determine what benefits are to be provided to a worker under the Industrial Insurance Act and to issue all orders relating to claims under the Act.
> Once the Department makes a determination regarding a worker's benefits, those benefits are provided from a fund that is administered by the Department from premiums collected from employers and employees statewide.
> The Board of Industrial Insurance Appeals is a separate state agency that is independent of the Department of Labor and Industries. It is the Board's function to review the Department's determinations when there is an appeal by interested parties.

Jury Instruction No. 3:

> The law requires that this case be tried solely on the evidence and testimony that was offered before the Board of Industrial Insurance Appeals. This means that the parties are not permitted to bring witnesses into court and have them testify before you. The evidence that you are to consider is limited to that contained in the record.

5

> You should give no consideration to the presence or absence of any party. Any impression you may gain from observing any party during the trial shall not be considered as evidence.

CP at 529-30.

The jury was presented the following question for decision: "Was the Board of Industrial Insurance Appeals correct in deciding that as of July 20, 2015, William A. Dorn's medical conditions, proximately caused by the August 2, 2013 industrial injury, were fixed and stable and did not require further medical care and treatment?" CP at 547. The jury answered, "Yes." CP at 547.

On September 24, 2018, Dorn filed a motion to vacate the verdict and for a new trial under CR 59(a)(8) and CR 59(a)(9). Dorn argued that the trial court erred by excluding his proposed jury instruction and by not permitting Dorn to advise the jury during closing arguments about the Department's changed position from its alignment with Dorn before the Board to its alignment with Colvico at trial. The trial court denied Dorn's motion to vacate the verdict and for a new trial.

Dorn appeals.

ANALYSIS

A.    STANDARD OF REVIEW

Under the Industrial Insurance Act (IIA), Title 51 RCW, we review the trial court's decision, not the Board's order. RCW 51.52.140; *Malang v. Dep't of Labor & Indus.*, 139 Wn. App. 677, 683, 162 P. 3d 450 (2007). And we review the trial court's decision in the same way as other civil cases. RCW 51.52.140; *Mason v. Georgia-Pac. Corp.*, 166 Wn. App. 859, 863, 271 P.3d 381, *review denied*, 174 Wn.2d 1015 (2012).

CR 59(a)(8) states that a trial court may vacate a verdict and grant a new trial upon motion when an error in law occurred at the trial and the error was "objected to at the time by the party making the application." When an error of law is cited as grounds for a new trial under CR 59(a)(8), we review the alleged error of law de novo. *M.R.B. v. Puyallup School Dist.*, 169 Wn. App. 837, 848, 282 P.3d 1124 (2012), *review denied*, 176 Wn.2d 1002 (2013). The error of law complained of must be prejudicial. *M.R.B.*, 169 Wn. App. at 848. We review a trial court's denial of a new trial more critically than when a trial court grants a new trial because a new trial places the parties where they were before, but a decision denying a new trial concludes their rights. *M.R.B.*, 169 Wn. App. at 848.

CR 59(a)(9) states that a trial court may vacate a verdict and grant a new trial upon motion when "substantial justice has not been done." We review a trial court's denial of a motion for a new trial under CR 59(a)(9) to determine whether "'such a feeling of prejudice [has] been engendered or located in the minds of the jury as to prevent [the] litigant from having a fair trial.'" *M.R.B.*, 169 Wn. App. at 848 (quoting *Alum. Co. of Am. v. Aetna Cas. & Sur. Co.*, 140 Wn.2d 517, 537, 998 P.2d 856 (2000). Courts rarely grant a new trial under this catchall provision given the other broad grounds under CR 59. *Millies v. LandAmerica Transnation*, 185 Wn.2d 302, 319, 372 P.3d 111 (2016).

B.    LEGAL PRINCIPLES

A worker who sustains an injury and who is entitled to compensation is entitled to receive proper and necessary health care services during the period of the worker's disability from the injury. RCW 51.36.010; WAC 296-20-01002. Under the IIA, "proper and necessary" refers to those health care services which are

> Curative or rehabilitative. Care must be of a type to cure the effects of a work-related injury or illness, or it must be rehabilitative. Curative treatment produces permanent changes, which eliminate or lessen the clinical effects of an accepted condition. Rehabilitative treatment allows an injured or ill worker to regain functional activity in the presence of an interfering accepted condition. Curative and rehabilitative care produce long-term changes.

WAC 296-20-01002 (definition of "proper and necessary" subsection (2)(b)). Maximum medical improvement occurs when no fundamental or marked change in a condition can be expected, with or without treatment. WAC 296-20-01002 (definition of "proper and necessary" subsection (3)). "Maximum medical improvement" is equivalent to "fixed and stable." WAC 296-20-01002 (definition of "proper and necessary" subsection (3)).

C.    PROPOSED JURY INSTRUCTION ON THE DEPARTMENT'S LITIGATION POSITION

Dorn argues that the Department's change in position from being aligned with Dorn to being aligned with Colvico was a material fact of which the jury should have been instructed. We disagree.

    1.    Legal Principles

Whether to give a particular instruction to the jury is a matter within the discretion of the trial court. *Stiley v. Block*, 130 Wn.2d 486, 498, 925 P.2d 194 (1996). Thus, a trial court's refusal to give a requested instruction is reviewed for an abuse of discretion. *Stiley*, 130 Wn.2d at 498.

A court abuses its discretion when its ruling is manifestly unreasonable or based on untenable grounds. *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018). The court abuses its discretion in refusing to give a jury instruction when it adopts a position that no reasonable person would take. *Hickok-Knight v. Wal-Mart Stores, Inc.*, 170 Wn. App. 279, 322, 284 P.3d 749 (2012), *review denied*, 176 Wn.2d 1014 (2013).

A trial court is required to instruct the jury on a theory only where there is substantial evidence to support it. *Stiley*, 130 Wn.2d at 498. However, a party is not entitled to instructions that are irrelevant to the issues upon which the case is tried. *See Poston v. W. Dairy Prods. Co*, 179 Wn. 73, 88, 36 P.2d 65 (1934). A trial court error on jury instructions is not a ground for reversal unless it is prejudicial. *Magana v. Hyundai Motor Am.*, 123 Wn. App. 306, 316, 94 P.3d 987 (2004). An error is prejudicial if it affects the outcome of the trial. *Brown v. Spokane County Fire Protection Dist. No. 1*, 100 Wn.2d 188, 196, 668 P.2d 571 (1983).

2.      Board's Findings on Material Issues

Dorn argues that "[a] jury instruction in a worker's compensation appeal may state facts beyond those Findings of Facts enumerated by the Board of Industrial Insurance Appeals." Br. of Appellant at 8. Dorn further argues that the Department's support of his position was a material fact.

RCW 51.52.115 states,

The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110: PROVIDED, That in cases of alleged irregularities in procedure before the board, not shown in said record, testimony thereon may be taken in the superior court. . . . Where the court submits a case to the jury, the court shall by instruction advise the jury of the exact findings of the board on each material issue before the court.

In *Gaines v. Department of Labor & Industries.*, the court reviewed the omission by the superior court of an enumerated Board finding and held that the superior court is not required to advise the jury of a Board finding unless the finding is on a material issue. 1 Wn. App. 547, 548,

551-53, 463 P.2d 269 (1969). The word "findings" in RCW 51.52.115 means "findings of ultimate

fact." *Gaines*, 1 Wn. App. 550-52. Findings of ultimate fact include,

> a finding on the identity of the claimant and his employer, the claimant's status as
> an employee or dependent under the act, the nature of the accident, the nature of
> the injury or occupational disease, the nature and extent of disability, the causal
> relationship between the injury or the disease and the disability, and other ultimate
> facts upon the existence or nonexistence of which the outcome of the litigation
> depends.

*Gaines*, 1 Wn. App. at 552. The court further drew a distinction between "findings of ultimate

fact" and "subordinate findings." *Gaines*, 1 Wn. App. at 551-52. "Subordinate findings" are

evidentiary or argumentative findings, which can "substantially impede or derogate from the

ability of a claimant to obtain a de novo review of the evidence received by the board." *Gaines*, 1

Wn. App. at 551.

Here, Dorn relies on *Gaines* to argue that a jury instruction in a worker's compensation

appeal may state facts beyond the enumerated findings of the Board. But, in *Gaines*, the court

reviewed the omission by the trial court of an enumerated Board finding. 1 Wn. App. at 548. The

*Gaines* court did not say that that the word "findings" under RCW 51.52.115 included findings

beyond those enumerated by the Board. 1 Wn. App. at 547; *see also Stratton v. Dep't of Labor &*

*Indus.*, 7 Wn. App. 652, 501 P.2d 1072 (1972) (an argumentative assertion should not have been

included in the jury instructions); *Jenkins v. Dep't of Labor & Indus.*, 85 Wn. App. 7, 931 P.2d

907 (1996) (holding that three enumerated findings were correctly included in the jury instructions

because they did not attack Jenkins's credibility or consist of opinions of the Board but rather were

material to the ultimate issue).

Dorn's proposed jury instruction alleged that the litigation commenced when the Department issued a remain-open order, Colvico appealed that decision to the Board, and the Board agreed with Colvico and found Dorn was not in need of further treatment as of July 20, 2015. However, the Board did not make any of these findings. Thus, under RCW 51.52.115, the trial court was not required to give Dorn's proposed jury instruction.

Further, even if the Board had made these findings, the findings would not be "findings of ultimate fact." *See Gaines*, 1 Wn. App. at 551-52. The issue before the jury was whether or not the Board was correct in deciding that as of July 20, 2015, Dorn's medical conditions, proximately caused by the August 2, 2013 industrial injury, were fixed and stable and did not require further medical care and treatment. To determine whether Dorn's conditions were fixed and stable, the jury had to decide that no fundamental or marked change in his condition could be expected, with or without treatment. *See* WAC 296-20-01002. The outcome of this determination does not depend on the existence of the collateral facts that the Department issued a remain-open order, Colvico appealed that decision, and the Board agreed with Colvico. Rather, the outcome depended on the testimony of the witnesses before the Board as to Dorn's medical conditions. Thus, Dorn's proposed jury instruction was not material and not relevant to the issue before the jury—whether the Board's decision that Dorn's medical conditions were not in need of further necessary and proper medical treatment was correct.[3]

---

[3] Dorn also argues that the Department's position was material because, based on the employer's notice of appeal to the Board and based on an objection by the employer's counsel, "the employer finds the Department's alignment a matter of some import and is at issue, at either the [Board] or Superior Court." Br. of Appellant at 11. But argument is not evidence. *Jones v. Hogan*, 56 Wn.2d 23, 31, 351 P.2d 153 (1960).

The Board did not make findings on the facts alleged in Dorn's proposed jury instruction, and even if it had, the facts were immaterial and irrelevant to the issue before the jury. Dorn is not entitled to a jury instruction that is not relevant to the issue before the jury. *See Poston*, 179 Wn. at 88. Thus, the trial court's refusal to allow the proposed instruction was not a position that no reasonable person would take. Therefore, we hold that the trial court did not abuse its discretion in refusing to give Dorn's proposed jury instruction.[4]

D.     CLOSING ARGUMENT

Dorn argues that

the trial court's refusal to allow Mr. Dorn's counsel to at least advise the jury during closing arguments on the Department's shift in alignment, and instead rely on a pattern jury instruction that does not address the issue further deprived Mr. Dorn of

---

And there is no evidence in the Board's record to support Dorn's argument that the Department was aligned with Dorn. Although Dorn alleges that the Department sent the plaintiff a letter stating that the Department's position was aligned with Dorn's on March 25, 2016, that letter was not put into the record before the Board. Therefore, Dorn's argument is not supported by the Board's record and fails. RCW 51.52.115.

[4] Dorn argues that the role of the Office of the Attorney General in an appeal to the trial court was to represent the Department of Labor and Industries, instead of to act as "de facto counsel" for Colvico. Br. of App. at 12-14. Without assigning error to the issue in the assignments of error and without any discernable consequence to the issues raised, Dorn contends that the Department should have defended the Department's order through the appeal to the superior court.

Dorn cites to *Aloha Lumber Corp. v. Department of Labor & Industries*, 77 Wn.2d 763, 466 P.2d 151 (1970), to argue that "the Department, in a superior court appeal in which the Department has sided with the injured worker all the way through the final Decision & Order of the [Board], should take a position that defends the Department['s] orders, or take no stance against the injured worker." Br. of Appellant at 14. But in *Aloha Lumber Corp.*, the court stated that the Attorney General does not have to "zealously defend" its original position and may wish to acquiesce in the decision of the Board. *Aloha Lumber Corp.*, 77 Wn.2d at 776. And the Attorney General can determine the extent of its participation in the appeal. *Aloha Lumber Corp.*, 77 Wn.2d at 776. Therefore, there was no error in the Attorney General actively defending the Board's decision at the trial court.

his right to argue his theory of the case and again hindered the jury in its responsibility to hear the case de novo.

Br. of Appellant at 19.

But, here, there was no evidence before the Board that the Department changed its position. Thus, Dorn could not have drawn and expressed reasonable inferences based on the evidence in the record.  *See M.R.B.*, 169 Wn. App. at 860.

Further, the trial court permitted Dorn to state in his closing argument that there was an order below, the employer appealed that order, the employer prevailed before the Board, and Dorn appealed that decision.  This, coupled with Instruction 2, which stated that the Department determines a worker's benefits, allowed Dorn to inform the jury of the same information that was in Dorn's proposed jury instruction.

Dorn also argues that the comment to WPI 155.04 shows that "a confusing Department stance would mislead and prejudice jurors."  Br. of Appellant at 21.  Dorn cites to a comment to WPI 155.04, he alleges states, "For the current edition, the committee deleted language about the Department's role as a trustee for the funds collected pursuant to the Act. The language is extraneous to the issues before the jury and could cause confusion or cause jurors to give undue weight to the Department's position." Br. of Appellant at 21 (emphasis omitted).

The comment relied on by Dorn does not state that the Department taking a stance at trial different from that taken before the Board would mislead and prejudice the jurors.  Rather, the comment states that informing the jury of the Department's role is extraneous and would cause confusion to the juror.  Thus, this comment further supports the trial court's decision to not allow either the proposed instruction or the proposed closing argument.

Because there is no evidence in the Board's record that the Department took a position at trial different from that taken before the Board and the trial court allowed Dorn to inform the jury in closing of the information that was in his proposed jury instruction, the trial court did not err in refusing to allow Dorn to argue to the jury that the Department had changed its legal position at trial.[5]

E.      NEW TRIAL

Dorn argues that "[a] new trial under CR 59 is the only remedy for the omission of Mr. Dorn's proposed instruction and the prohibition against discussing the Department's position during closing arguments." Br. of Appellant at 22. Dorn refers to CR 59(a)(8) and CR 59(a)(9). Br. of App. at 22.

CR 59(a)(8) states that a trial court may vacate a verdict and grant a new trial upon motion when an error in the law occurred at the trial and the error was "objected to at the time by the party

---

[5] Dorn argues that the employer should have defended this appeal, not the Department. Without assigning error to the issue in the assignments of error and without any discernable consequence to the issues raised, Dorn argues that Colvico should have defended this appeal.

RCW 51.52.110 provides the requirements of different parties pursuant to a notice of appeal at the superior court. Under this statutory provision, after the appeal is at issue, the respondent employer has no further obligations. *See* RCW 51.52.110, RCW 51.52.115.

Dorn cites to *Blue Chelan, Inc. v. Department of Labor and Industries*, 101 Wn.2d 512, 681 P.2d 233 (1984), to argue that Colvico "got a free ride on its duty to defend the [Board] order." Br. of Appellant at 16. But in *Blue Chelan*, the court stated that the notice of appeal satisfied the requirement of participation on appeal of the aggrieved party. *Blue Chelan*, 101 Wn.2d at 516.

Like in *Blue Chelan*, Colvico did not have to actively participate and defend the appeal at the trial court after the appeal was at issue.

making the application." The error of law complained of must be prejudicial. *M.R.B.*, 169 Wn. App. at 848.

CR 59(a)(9) states that a trial court may vacate a verdict and grant a new trial upon motion when "substantial justice has not been done." We review a trial court's denial of a motion for a new trial under CR 59(a)(9) to determine whether " 'such a feeling of prejudice [has] been engendered or located in the minds of the jury as to prevent [the] litigant from having a fair trial.' " *M.R.B.*, 169 Wn. App. at 848 (quoting *Alum. Co. of Am.* at 537).

Here, as shown above, the court did not err in rejecting Dorn's proposed jury instruction or prohibiting Dorn from arguing in closing arguments that the Department had changed its legal position. Because there was not error, Dorn was not prejudiced. Therefore, we affirm the trial court's denial of Dorn's motion to vacate the verdict and for a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, C.J.
Lee, C.J.

We concur:

Maxa, J.

Cruser, J.

15