FILED
1/27/2025
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| LYUBOV ANDRYUSHINA,<br><br>    Appellant,<br><br>    v.<br><br>DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON,<br><br>    Respondent. | No. 87074-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Lyubov Andryushina appeals a jury verdict affirming the Board of Industrial Insurance Appeals' (Board) order finding that she did not suffer an occupational disease. She contends that the superior court erred by instructing the jury on two of the Board's findings of fact because those findings were immaterial. We affirm.

I

In 1998, Andryushina began working as a spinner for Pendleton Woolen Mills. On August 15, 2018, Andryushina injured her shoulder at work when she was reaching for a loose handrail and fell between the metal frames onto her knees twisting her right

arm and shoulder. Andryushina reported her injury to her supervisor but continued to work on light duty.

On August 20, 2018, Andryushina attended an existing appointment with her primary care physician who was predominantly concerned about her high blood pressure but told Andryushina to rest her shoulder. Andryushina took three weeks off of work and returned to light duty on September 10, 2018.[1]

On October 18, 2019, Andryushina applied for workers' compensation benefits, about 14 months from her injury on August 15, 2018. The Department rejected the claim reasoning that it was over a year since the industrial injury and the condition did not qualify as an occupational disease under RCW 51.08.140.

Andryushina appealed the denial of the occupational disease claim to the Board. After a hearing, the Board concluded that Andryushina's injury did not qualify as an occupational disease.

Andryushina then appealed the Board's decision to Clark County Superior Court. The superior court instructed the jury on the Board's findings. The Board made six findings of fact, and the superior court instructed the jury on all of the Board's findings, excluding the first finding, which was procedural only. Accordingly, the court instructed the jury:

> This is an appeal from the findings and decision of the Board of Industrial Insurance Appeals. The Board made the following material findings of fact:
>
> 1. On August 15, 2018, Lyubov Andryushina injured her right shoulder and arm during the course of her employment when she lost her balance

---

[1] In May 2020, Andryushina met with a different doctor about her shoulder. That doctor believed that Andryushina had adhesive capsulitis from her injury on August 15, 2018. Other independent medical examiners disagreed finding that Andryushina did not suffer from adhesive capsulitis.

while reaching for a loose handrail and fell between the metal frames onto her knees twisting her right arm and shoulder.

2. Lyubov Andryushina did not file an application for benefits within a year of her right shoulder injury on August 15, 2018.

3. Lyubov Andryushina worked as a spinner at a woolen mill for approximately 17 years before August 15, 2018. Her job consisted of monitoring machines that made wool line or thread to be made into fabric.

4. During the course of a workday, Lyubov Andryushina would lift spools of line weighing 35 to 40 pounds off a holder, which involved reaching above her shoulders. These spool changes occurred between 20 to 40 times in a shift on average and were distinctive conditions of her employment.

5. Lyubov Andryushina's right shoulder condition and/or right shoulder adhesive capsulitis did not arise naturally and proximately out of the distinctive conditions of her employment.

By informing you of these findings the court does not intend to express any opinion on the correctness or incorrectness of the Board's findings.

Andryushina objected to that instruction and proposed an instruction that omitted the first two findings of fact—that she injured her shoulder when she fell and that she did not file an application for benefits within a year. Andryushina argued those findings of fact were not material.

The superior court ultimately declined and included those findings in the jury instructions. The superior court reasoned that it would be confusing for the jury to understand the context of the issue without including the findings.

Andryushina appeals.

II

Andryushina argues the superior court erred in declining to give her proposed jury instruction. We disagree.

We review alleged instructional errors de novo. State v. Sibert, 168 Wn.2d 306, 311, 230 P.3d 142 (2010). "An instruction is sufficient if it correctly states the law, is not misleading, and permits counsel to argue his theory of the case." State v. Mark, 94 Wn.2d 520, 526, 618 P.2d 73 (1980).

RCW 51.52.115 states:

> The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110: PROVIDED, That in cases of alleged irregularities in procedure before the board, not shown in said record, testimony thereon may be taken in the superior court. . . . Where the court submits a case to the jury, the court shall by instruction advise the jury of the exact findings of the board on each material issue before the court.

(Emphasis added.) Accordingly, a superior court is not required to advise the jury of a Board finding unless the finding is on a material issue. Gaines v. Dep't of Lab. & Indus., 1 Wn. App. 547, 551, 463 P.2d 269 (1969). The term "findings" means "finding of ultimate fact" which include:

> a finding on the identity of the claimant and his employer, the claimant's status as an employee or dependent under the act, the nature of the accident, the nature of the injury or occupational disease, the nature and extent of disability, the causal relationship between the injury or the disease and the disability, and other ultimate facts upon the existence or nonexistence of which the outcome of the litigation depends.

Gaines, 1 Wn. App. at 552. In comparison, "subordinate findings" are evidentiary or argumentative findings, which may "substantially impede or derogate from the ability of a claimant to obtain a de novo review of the evidence received by the board." Gaines, 1 Wn. App. at 551.

Andryushina argues that the findings that she was injured on August 15, 2018, and that she did not timely file a claim should not have been given to the jury because

-4-

they were subordinate findings and constituted a comment on the evidence. Andryushina relies on Gaines and Stratton v. Department of Labor and Industries, 7 Wn. App. 652, 501 P.2d 1072 (1972), to support her argument. In both of those cases, the court found that the jury should not have been instructed on certain findings because they were improperly argumentative and harmed the credibility of the claimant.

For example, in Gaines, the court found the Board's finding that the plaintiff purposely misrepresented his condition was properly excluded because it had the effect of "destroying the plaintiff's credibility, making recovery improbable." Gaines, 1 Wn. App. at 551. Similarly, in Stratton, the finding read in part, "[a]ssociated with this psychiatric disorder is a demonstrated lack of motivation in the claimant to seek out and maintain gainful employment, coupled with a strong tendency and desire to realize a monetary gain from his injury." Stratton, 7 Wn. App. at 654. The court ruled that the finding was not based on medical evidence, but rather on the opinion of the Board, so the finding was highly prejudicial and improper. Stratton, 7 Wn. App. at 654.

Here, unlike Gaines and Stratton, the findings of fact that Andryushina was injured on August 15, 2018, and did not file a claim within a year were not argumentative or harmful to her credibility. The findings did not suggest she was dishonest about the injury, as in Gaines, nor did the findings suggest that Andryushina lacked motivation or had ulterior motives, as in Stratton.

The findings were material because they were the basis for the Board's decision that Andryushina did not suffer from an occupational disease. These findings were material to resolving the ultimate issue of whether Andryushina suffered an occupational disease. Lastly, these findings were not argumentative or comments on the evidence,

so the superior court properly declined to remove those findings. Since the findings were material to the ultimate issue, the superior court properly instructed the jury under RCW 51.52.115.

    We affirm.[2]

_____<br>Mann, J.

WE CONCUR:

_____      _____
Birk, J.                                     Chung, J.

---

[2] Andryushina requests attorney fees under RCW 51.52.130, which provides a fixed fee for workers who receive additional relief on appeal. Because Andryushina does not receive additional relief on appeal, she is not entitled to attorney fees.