**FILED**
**DECEMBER 20, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CONNIE KENNELLY, | ) | |
| | ) | No. 35625-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNEWICK GENERAL HOSPITAL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

FEARING, J. —Connie Kennelly appeals an adverse jury verdict denying her

worker compensation benefits for claimed total disability. She challenges jury

instructions that informed the jury of findings of fact entered by the Department of Labor

& Industries (DLI) Board of Industrial Insurance Appeals (BIIA). Because the jury

instructions properly informed the jury of material and ultimate findings of the BIIA, we

conclude that the trial court did not abuse its discretion when promulgating the jury

instructions.

FACTS

Kennewick General Hospital (KGH) employed Connie Kennelly as its pathology

office coordinator. Kennelly suffers from glaucoma and diabetic retinopathy. In 2010,

Kennelly stopped driving and required a magnification device to perform her job as

office coordinator. KGH provided the magnifier.

On May 21, 2011, Connie Kennelly tripped and fell while working alone in the basement of KGH. Kennelly immediately felt pain in her upper thigh, and an x-ray revealed a fractured left femur. After surgery and further treatment, the fracture solidly healed. Prior to the industrial injury, Kennelly had no mobility impediments. On May 25, 2011, Kennelly filed a workers' compensation claim for her fractured left femur.

On discharge from rehabilitation, Connie Kennelly took a prescribed blood thinner to prevent clots. Approximately four months later, Kennelly awoke unable to see. Her eye physician stopped the blood thinner. Kennelly's eyesight returned.

Kennelly's healed left leg is now 1.9 centimeters shorter than the right leg. Kennelly cannot walk long distances and cannot squat and return to standing. At some unknown date after the cessation of the blood thinner and return of eyesight, Connie Kennelly became totally blind in her left eye and legally blind in the right eye. Due to vision limitations, Kennelly concluded she cannot safely return to work at KGH.

On May 16, 2014, DLI closed Connie Kennelly's worker compensation claim. Kennelly received time-loss benefits through February 18, 2014. On closure of her claim, DLI awarded Kennelly a permanent partial disability award of ten percent of the amputation value of the left leg above the knee joint.

Connie Kennelly filed an appeal, of DLI's decision, with the BIIA. On May 22, 2014. An Industrial Appeals Judge (IAJ) affirmed DLI's decision. The IAJ declined any

award for Kennelly's eye condition, denied total disability benefits, and rejected payment for further treatment. When issuing a proposed decision, the IAJ entered the following findings of fact that hold relevance to this appeal: (4) other than the accommodation of a heel lift, Kennelly has no claim-related restrictions as of February 19, 2014, (5) as of February 19, 2014, Kennelly could perform sedentary work when considering only the limitations proximately caused by the industrial injury; and (7) on May 16, 2014, Kennelly had a permanent partial disability, proximately caused by the industrial injury, equal to ten percent of the amputation value of the left leg above knee joint with short thigh stump.

Connie Kennelly filed a petition for review to the BIIA of the IAJ's proposed decision and order. In response, the BIIA adopted the IAJ's proposed decision and order.

PROCEDURE

Connie Kennelly appealed the BIIA decision to the Benton County Superior Court. On appeal to the superior court, Kennelly narrowed her claim to time loss compensation and a pension.

This appeal surrounds the trial court's jury instruction 5, to which Connie Kennelly objected. She requested that the trial court remove subsections numbered 4, 5, and 7 in the instruction. The entirety of jury instruction 5 read:

> This is an appeal from the findings and decision of the Board of Industrial Insurance Appeals. The Board made the following material findings of fact:

1. Connie R. Kennelly sustained an industrial injury on May 21, 2011, when she tripped over a chair while working in the basement of Kennewick General Hospital, severely fracturing her left femur. A blood thinner prescribed to prevent clots while she was unable to walk due to the left leg fracture causes hemorrhaging in her eyes, which had no lasting effect;

2. As of May 16, 2014, Ms. Kennelly's left lower extremity condition proximately caused by the industrial injury was fixed and stable and did not need further proper and necessary treatment;

3. Ms. Kennelly is approximately 65 years old with an executive secretary and legal secretary degree. She has work experience in medical transcription, medical billing, medical reception, and as a medical secretary and manager. She has advanced diabetic retinopathy in both eyes, advanced glaucoma, vitreous hemorrhages, and exposure keratopathy related to thyroid disease;

4. Other than the accommodation of a heel lift, Ms. Kennelly has no claim-related restrictions as of February 19, 2014;

5. Ms. Kennelly is able to perform sedentary work when considering only the limitations proximately caused by the industrial injury as of February 19, 2014;

6. Ms. Kennelly was able to perform and obtain gainful employment on a reasonably continuous basis as of February 19, 2014.

7. On May 16, 2014, Ms. Kennelly had a permanent partial disability proximately caused by the industrial injury equal to 10 percent of the amputation value of the left leg above knee joint with short thigh stump.

By informing you of these findings the court does not intend to express any opinion on the correctness or incorrectness of the Board's findings.

Clerk's Papers (CP) at 81-82.

4

Before the trial court, Connie Kennelly argued that, although RCW 51.52.115 required the court to instruct the jury on BIIA's material findings, numbered paragraphs 4, 5 and 6 lacked materiality. Kennelly's proposed jury instruction 5 omitted the three paragraphs.

The trial court also delivered jury instruction 11, which read:

> Total disability requires consideration of the residuals of the worker's industrial injury, age, training, education, prior work experience, and any pre-existing physical or mental restrictions.

CP at 88.

During closing argument to the jury, KGH's counsel commented:

> Proximately caused. What proximately caused her inability to work? Blindness or leg fracture? Counsel wants you to bundle them together and put her on a pension for the rest of her life. . . .

Report of Proceedings (RP) at 59-60. Kennelly objected to the argument by stating: "[y]our Honor, objection. I'm sorry." RP at 60. Kennelly identified no basis for the objection.

The jury returned a verdict that affirmed BIIA's finding that Connie Kennelly could perform and obtain gainful employment on a reasonably continuous basis as of February 19, 2014.

## LAW AND ANALYSIS

### Jury Instruction

On appeal, Connie Kennelly repeats her argument that the trial court should have

omitted some paragraphs from jury instruction 5. We review errors of law in jury instructions de novo. *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 92, 896 P.2d 682 (1995). Jury instructions are sufficient if they: (1) allow each party to argue their theories of the case, (2) do not mislead the jury, and (3) when read as a whole, properly inform the trier of fact of the law to be applied. *Adcox v. Children's Orthopedic Hospital and Medical Center*, 123 Wn.2d 15, 36, 864 P.2d 921 (1993). If any of these elements are missing, the instruction is erroneous. *Anfinson v. FedEx Ground Package System, Inc.*, 174 Wn.2d 851, 860, 281 P.3d 289 (2012). An erroneous instruction is reversible error only if it prejudices a party. *Anfinson v. FedEx Ground Package System, Inc.*, 174 Wn.2d at 860.

RCW 51.52.115 controls this appeal. The statute provides, in relevant part:

> In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same. . . . In appeals to the superior court hereunder, either party shall be entitled to a trial by jury upon demand, and the jury's verdict shall have the same force and effect as in actions at law. Where the court submits a case to the jury, the court *shall by instruction advise the jury of the exact findings of the board [BIIA] on each material issue* before the court.

(Emphasis added.)

Unless the board finding is on a "material issue" before the court, the superior court need not advise the jury of a BIIA finding. *Stratton v. Department of Labor & Industries*, 1 Wn. App. 77, 459 P.2d 651 (1969). In addition to the statutory limitation to

6

material findings of fact, the trial court should also place in the jury instruction only those findings containing ultimate facts and not those containing evidentiary or subordinate facts. *Gaines v. Department of Labor & Industries*, 1 Wn. App. 547, 551-52, 463 P.2d 269 (1969). Admittedly, the dividing line between evidentiary and ultimate findings of fact cannot be readily stated. *Gaines v. Department of Labor & Industries*, 1 Wn. App. at 552. Nevertheless, the *Gaines* court offered examples of "findings of ultimate fact" to include: (1) a finding on the identity of the claimant and her employer, (2) the claimant's status as an employee or dependent under the worker compensation act, (3) the nature of the accident, (4) the nature of the injury or occupational disease, (5) the nature and extent of disability, (6) the causal relationship between the injury or the disease and the disability, and (7) other ultimate facts, the existence or nonexistence of which the outcome of the litigation depends. *Gaines v. Department of Labor & Industries*, 1 Wn. App. at 552.

*Gaines v. Department of Labor & Industries* also added another qualifier to the nature of jury instructions to be rendered in a worker compensation trial. The trial court included a board finding that read:

> In testifying as a witness and in presenting himself as a subject for examination to the several doctors who examined him to determine the nature and extent of his conditions attributable to his injury of December 23, 1959, claimant purposely misrepresented his physical condition, his physical limitations, and the extent of his pain, to such an extent as to discredit his subjective complaints, except as the same where born[e] out by objective findings of the doctors.

7

*Gaines v. Department of Labor & Industries*, 1 Wn. App. at 548. This court ruled that the finding is not the kind of finding required to be read to the jury because it could have had the effect of "utterly destroying the plaintiff's credibility, making recovery improbable." *Gaines v. Department of Labor & Industries*, 1 Wn. App. at 551.

A second example of an improper argumentative finding harming the credibility of the claimant comes from *Stratton v. Department of Labor & Industries*, 7 Wn. App. 652, 501 P.2d 1072 (1972). The finding read in part:

> Associated with this psychiatric disorder is a demonstrated lack of motivation in the claimant to seek out and maintain gainful employment, coupled with a strong tendency and desire to realize a monetary gain from his injury.

*Stratton v. Department of Labor & Industries*, 7 Wn. App. at 654. The finding was not based on any medical or other evidence in the record and only the opinion of the board. This court considered the instruction to prejudicially describe Stratton's attitude, comment on his character, and argue as to why he should not be awarded a pension.

Connie Kennelly contends that the trial court erred when inserting paragraphs 4, 5, and 6 in jury instruction 5, which paragraphs constituted three BIIA findings. She asserts the three findings lacked materiality to her appeal to the superior court. We separately address each jury instruction paragraph.

Paragraph 4 of the jury instruction provides, "[o]ther than the accommodation of a heel lift, Ms. Kennelly has no claim-related restrictions as of February 19, 2014." CP at

81. Unlike the findings in *Stratton* and *Gaines*, paragraph 4 did not attack Kennelly's credibility or consist of opinions of the board. Rather, the paragraph arises from medical evidence presented to the board. The paragraph holds relevance to the ultimate issue of whether Kennelly was a totally disabled worker as of February 19, 2014. The sole issue for jury determination was whether Connie Kennelly was a totally disabled worker as of February 19, 2014. The mention of a heel lift may be more subordinate than ultimate facts, but the instruction as a whole relates to the conclusion that Kennelly had no restrictions resulting from her work injury.

Paragraph 5 of jury instruction 5 read: "Ms. Kennelly is able to perform sedentary work when considering only the limitations proximately caused by the industrial injury as of February 19, 2014." CP at 81. Again, unlike the findings in *Stratton* and *Gaines*, this finding does not attack the credibility of a witness. Medical testimony supported the finding. Connie Kennelly's treating physician, orthopedist Arthur Thiel, concluded that, if not for the vision problems, the femur fracture would not prevent Kennelly from returning to sedentary work. Mark Miller, an orthopedic surgeon, agreed with Dr. Thiel. Dr. David Bauer concluded that Kennelly had no claim-related restrictions and could perform her job.

The material finding equates to an ultimate fact. Connie Kennelly alleged "permanent total disability" in accordance with RCW 51.08.160. Permanent total disability constitutes a "condition permanently incapacitating the worker from

9

performing any work at any gainful occupation." RCW 51.08.160. Paragraph 5 addressed the issue of Kennelly's ability to perform any work at "any gainful occupation."

Connie Kennelly contends that paragraph 5 is incomplete, misleading, and confusing for the jury, and she thereby asserts that the paragraph equates to a comment on the evidence because the finding displays bias of the BIIA. She complains that the trial court placed only one set of facts into the findings and disregarded the other set of facts. A comment on the evidence is one that conveys to the jury a judge's personal attitude about the merits of the case. *Hamilton v. Department of Labor & Industries*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988).

In support of her contention that the BIIA biasedly chose facts that only suited its purpose, Connie Kennelly cites to a letter written by Arthur Thiel, wherein Dr. Thiel states:

> [a]s a result of the eye injuries plus the damage to the leg, the patient is no longer able to safely ambulate . . . to and from work and does not have the vision to . . . do her work.

CP at 210. Kennelly contends that BIIA disregarded Dr. Thiel's opinion and formed its own opinion, rendering any jury instruction on the opinion a comment on the evidence. We disagree.

The IAJ, on behalf of BIIA, heard testimony contrary to the testimony of Dr. Arthur Thiel. BIIA had authority to adopt evidence contrary to evidence posited by

10

Connie Kennelly as the truth without impermissibly commenting on the evidence or displaying bias. Dr. Thiel, in his deposition, even readily admitted that his specialty is not ophthalmology, and he stated that a person with normal vision could return to work safely after a leg fracture. Dr. Thiel's testimony thereby differed from his September 10, 2014 letter. The BIIA also heard testimony from Mark Miller and David Bauer that Kennelly could perform sedentary work based on limitation from her work injury.

Connie Kennelly implies that the jury likely concluded that the trial court tacitly agreed with KGH's witnesses' testimony as the truth since jury instruction 5 did not mention any evidence contrary to the findings of fact. This argument fails to recognize the language at the end of jury instruction 5. The language informed the jury that the enumerated findings were those of the BIIA, not the court, and the jury could disregard the findings.

Paragraph 7 of jury instruction 5 read: "On May 16, 2014, Ms. Kennelly had a permanent partial disability proximately caused by the industrial injury equal to 10 percent of the amputation value of the left leg above knee joint with short thigh stump." CP at 81. We read this instruction along with jury instruction 11 that declared "[t]otal disability requires consideration of the residuals of the worker's industrial injury, age, training, education, prior work experience, and any pre-existing physical or mental restrictions." CP at 88. Based on the law to apply in jury instruction 11, the finding found in paragraph 7 of the jury instruction constituted a material, ultimate fact. Connie

11

Kennelly's permanent partial disability equaling ten percent of the amputation value of the left leg above knee joint with short thigh stump related to the "residuals of the worker's injury." Medical evidence supported the finding, and the underlying facts contained in the finding loomed important to the issue before the jury. Like the other three challenged paragraphs, paragraph 7 constituted a conclusory statement supported by subordinate medical evidentiary facts.

Although Connie Kennelly agrees paragraph 7 is a true statement, she argues its inclusion served only to confuse the jury. While that assertion may be true because a jury of lay persons might have trouble distinguishing between permanent total disability and permanent partial disability, when read in context with the other instructions, the paragraph is less confusing.

Closing Argument

Connie Kennelly assigns error to the trial court's failure to advise the jury that KGH's counsel misstated the law during closing arguments. She argues that counsel for KGH misrepresented the law when it argued to the jury: "Proximately caused her inability to work? Blindness or leg fracture? Counsel wants you to bundle them together and put her on a pension for the rest of her life." RP at 60. Immediately after the statement, Kennelly objected stating: "[y]our Honor, objection. I'm sorry." RP at 60.

On appeal, Connie Kennelly contends opposing counsel's argument misstated the law. Nevertheless, at trial, Kennelly never asserted this basis for her objection, which

12

seemingly was withdrawn. One must specify the basis for an objection to a question in order to preserve the objection for appellate review. *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985). Thus, we do not address the substance of Kennelly's second assignment of error.

## CONCLUSION

We affirm the trial court's judgment in favor of employer KGH.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.